THE PEOPLE *ex rel.* Alfred H. Gleghorn, County Collector, Appellee, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

*Opinion filed February 17, 1915.*

1. TAXES—*copy of ordinance cannot be amended to show matters of substance not in original.* While the court may permit a certified copy of a tax levy ordinance to be amended so as to conform to the original, it cannot lawfully permit matters of substance to be inserted in the copy which do not appear in the original.

2. SAME—*townships do not levy taxes by a tax levy ordinance.* Townships do not levy taxes by a tax levy ordinance but by motion or resolution at the annual town meeting, after which it is the duty of the clerk of the township to make a certificate of the amount of tax voted by the electors and file the same with the county clerk.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

M. L. BELL, C. F. HANSON, and A. B. ENOCH, for appellant.

FRANK H. HAYES, State's Attorney, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the decision of the county court of Grundy county overruling objections to taxes levied against the Chicago, Rock Island and Pacific Railway Company and entering judgment and an order of sale against the property of said company. The objections filed and overruled question the legality of a portion of the taxes levied in the village of Minooka and all of the taxes levied in the township of Saratoga. These objections will be considered in the order in which they are above stated.

The county clerk of Grundy county extended a rate of $2.44 per $100 valuation for the year 1913 against all the property in the village of Minooka. The appellant paid

$1.53 per $100 valuation on its property and objected to
the excess on the ground that the village authorities had
levied an amount in excess of $1.20 per $100 for general
corporate purposes. A certified copy of the tax levy ordi-
nance was introduced in evidence, which included, among
other items, $1500 for water-works. By reference to the
original ordinance it appeared that the word "bonds" ap-
peared after the word "water-works," and on application
the court permitted an amendment of the certified copy by
inserting after the word "water-works" the word "bonds,"
which amendment was properly allowed. The court also
permitted the insertion in the certified copy of the ordi-
nance of the words, "and sidewalk bonds and interest."
These words were not in the original ordinance, and the
court erroneously permitted their insertion in the copy.
While the court had power to permit any amendment in
the certified copy to make it correspond with the original,
the court did not have power to permit the insertion in
the copy of matters of substance which did not appear in
the original. To permit such an amendment would, in ef-
fect, be the making of a new ordinance. It appears from
the copy of the levy ordinance as the same was properly
amended, that $1500 was levied to pay water-works bonds.
The evidence shows that the village of Minooka had $4000
of water-works bonds outstanding, one of which matured
each year, and that one of these $1000 bonds was due and
payable out of the levy for the year 1913. The evidence
further showed that $200 was required to pay interest on
water-works bonds which became due for the year 1913.
There was also $500 due for interest on sewer bonds, mak-
ing a total of $1700 that was legally levied over and above
the $1.20 for general corporate purposes. To raise the
$1700 required a rate of $1.05 on the $100. This added
to the rate of $1.20 made a total rate of $2.25, which was
the highest rate that the village could legally levy. The ex-

cess above this rate was illegal, and to that extent appellant's objections should have been sustained.

Appellant objects to the whole of the tax levied in Saratoga township on the ground that a certified copy of a tax levy ordinance was not filed, and that the certificate filed was indefinite, in that the date thereon was uncertain. The omission in the date was that the figures "13" did not appear after the figures "19." This was corrected on the hearing by amendment, which was properly allowed. The objection that a certified copy of the levy ordinance was not filed is not well taken. Townships levy taxes at the annual town meeting, which is done by motion or resolution. After the town meeting makes the levy, it is then the duty of the township clerk to make a certificate of the amount of tax voted by the electors and file the same with the county clerk, and that was done by the town clerk of Saratoga township. The record of the town meeting held in Saratoga township was introduced, which showed that an appropriation of $500 for expenses of the township was duly voted upon and carried by those present. The town clerk testified that he made a certificate, and the same was offered in evidence after being amended by inserting the figures "13" after "19," as above stated. There is no merit in the objections filed to the taxes of Saratoga township.

The judgment of the county court of Grundy county will be affirmed as to the township tax of Saratoga township and reversed as to the tax of the village of Minooka, and the cause will be remanded, with directions to the county court to enter judgment for the correct amount of village tax.

*Reversed in part and remanded, with directions.*