(No. 11730.—Reversed and remanded.)

THE PEOPLE *ex rel.* Fred C. Puntney, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1917.*

1. TAXES—*damages for laying out road must be allowed before tax can be levied therefor.* No tax can be levied to cover damages for laying out or altering a road unless the record of the highway commissioners shows that the damages have been agreed upon, allowed or awarded to the property owners.

2. SAME—*tax levy ordinance passed before appropriation ordinance is in effect is void.* An appropriation ordinance is not in force until ten days after its publication, and a tax levy ordinance passed before the appropriation ordinance is so published and in full force and effect is void.

APPEAL from the County Court of White county; the Hon. JAMES M. ENDICOTT, Judge, presiding.

P. J. KOLB, (L. J. HACKNEY, and FRANK L. LITTLETON, of counsel,) for appellant.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant filed objections in the county court of White county to the judgment and order of sale against its property on account of delinquent taxes. The court overruled the objections and gave judgment and order of sale for the People. Appellant brings the record here by appeal.

Objections were filed by appellant to the road and bridge taxes in the towns of Hawthorne and Indian Creek that the commissioners of highways of said respective towns had levied a tax to cover damages that had been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads, and that no such damages had been awarded, allowed or agreed upon in either of said towns at the time of making such levies. The amount of road and bridge taxes objected to in said two

townships was the amount levied and extended in each of said townships against objector's property for said purpose. It is stipulated of record that no such damages had been awarded, allowed or agreed upon prior to or at the time of making the levy in the town of Hawthorne. The levy in Indian Creek township for said purpose was for the sum of $1345. It is also stipulated that only $175 had been awarded, allowed or agreed upon for such purpose in that township. All of the taxes levied for such purpose in the town of Hawthorne, and the excess of the levy for the same purpose over and above the $175 aforesaid in the town of Indian Creek, being eighty-seven per cent of the whole levy for such purpose in such township, are void. The total tax · extended against appellant's property in Indian Creek township for such purpose was $190.92. The objection to that tax, except as to the sum of $24.82, and the objection to all the tax extended for such purpose against appellant's property in Hawthorne township, should have been sustained. No tax can be levied for such purpose unless the damages have been agreed upon, allowed or awarded to a property owner or property owners, and the record of the highway commissioners must show that damages have been agreed upon, allowed or awarded to property owners for some one or more of such purposes. *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622.

Objection to the village tax of the village of Norris City was made by the appellant on the ground that the village board of said village did not pass and publish an appropriation ordinance, as is required by law, prior to the passage of its annual levy ordinance. The tax levy ordinance of the village of Norris City was passed July 17, 1916, and recites that the annual appropriation ordinance was passed on the same day and that the same was published on July 20, 1916. It is stipulated in the record that the tax levy ordinance makes a true recital of the facts. A tax levy ordinance passed by the city or village after the appropriation ordi-

nance is passed and signed but before it has been published for ten days is void. The appropriation ordinance is not in force until ten days after its publication, and a tax levy ordinance passed before the appropriation ordinance is in full force and effect is void. (*People* v. *Florville,* 207 Ill. 79; *People* v. *Peoria, Decatur and Evansville Railroad Co.* 116 id. 410.) Said village tax was therefore void and the objection to the same should have been sustained.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objection to the road and bridge tax of the town of Hawthorne and to the village tax of Norris City, and to sustain the objection to all of the road and bridge tax of the town of Indian Creek except $24.82, and to render judgment for that amount against the property of appellant.

*Reversed and remanded, with directions.*