THE PEOPLE *ex rel.* J. Lem Ballance, County Collector, Plaintiff in Error, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY, Defendant in Error.

*Opinion filed June 22, 1927.*

1. TAXES—*when county tax is not sufficiently itemized to show purpose of levy.* Each item of a county tax levy should state the purpose for which the tax is levied with such particularity that the tax-payer may know what expenditure the item was intended to cover, so that he may prevent the collection of a tax for an illegal purpose; and a county tax levy "for fuel, light, and water, $2000," is not sufficiently itemized to show the purpose of the levy.

2. SAME—*consent to additional town road and bridge tax can be shown only by record of regular meeting of board of auditors.* The act of consenting to the levy of an additional town road and bridge tax is official in its nature, and this consent must be given by the town auditors in their official capacity at a regular meeting, and the action of the board can be shown only by the record of such meeting.

3. SAME—*fact that certificate of levy of road and bridge tax does not show correct date of consent to additional tax is not material.* The highway commissioner's certificate of levy should show the rate determined by him but need not contain a recital of the preliminary action taken by him or by the board of town auditors, and where the town clerk's record shows that consent to an additional town road and bridge tax was given at the regular meeting of the board on the first Tuesday in September, as required by law, it is not material that the certificate of levy states another date when such consent was given.

WRIT OF ERROR to the County Court of Marion county; the Hon. W. G. WILSON, Judge, presiding.

CHARLES F. DEW, State's Attorney, for plaintiff in error.

JOHN L. KAGY, and CRAIG & CRAIG, (HOMER T. DICK, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is a writ of error to review a judgment of the county court of Marion county sustaining objections of defendant in error to the application of the county treasurer and *ex-officio* collector of taxes of Marion county for judgment for delinquent taxes and refusing to enter judgment against the lands of defendant in error for certain taxes. The taxes in controversy are the road and bridge tax of the town of Salem in excess of fifty cents on the $100 and a portion of the levy for county tax for the year 1925.

The report of the finance committee of the board of supervisors recommending appropriations for the year 1925, and the tax levy resolution, each contained an item "for fuel, light and water, $2000." The contention of the objector was that the tax assessed against the county should be reduced in the proportion that this appropriation for fuel, light and water bears to the total appropriation, on the ground that this item levies a tax for more than one purpose without a sufficient specific itemization of the purposes for which the tax was to be levied. The contention of the collector was that it was unnecessary to separate this item of appropriation into several items as it sufficiently designated one element as the up-keep and comfort of the public buildings, to-wit, the court house and jail. He sought to introduce evidence to show that the county poor farm had a separate appropriation, and that this appropriation was only for the up-keep of the jail and court house, to which proposed evidence an objection was sustained. He also asked permission of the court to amend this item to

read, "Fuel, light and water for public buildings," which permission was denied. There was nothing in the proceedings of the board of supervisors or the tax levy resolution tending to show that this item was for the up-keep of the public buildings of the county, and permission to amend was properly denied. Each item of the county tax levy should state the purpose for which such tax is levied with such particularity that the tax-payer may know what expenditure that item was intended to cover, so that he may prevent the collection of a tax for an illegal purpose. (*People* v. *Cairo, Vincennes and Chicago Railroad Co.* 243 Ill. 217.) There is nothing in the tax levy resolution to show the purpose for which this item was levied. While the collector contends that it was for use in the court house and jail, for aught that appears in this record the fuel might have been intended for paupers, the light for lighting a public park, and the water for an irrigation system on the county farm, or for any one of an indefinite number of purposes. The objection of defendant in error was properly sustained to this tax.

The objection to the road and bridge tax was, that the highway commissioner of the town of Salem levied a tax of sixty-six cents on the $100, of which rate sixteen cents was based on the written consent of the board of town auditors dated August 27, 1925, and purported to be authorized at a special meeting of the board held on that date. The certificate of levy signed by the commissioner of highways of the town of Salem, which was filed in the office of the county clerk of Marion county on the first day of September, 1925, had attached thereto a consent of the board of town auditors of the town of Salem for the levy of an additional sixteen cents, which consent was dated August 27, 1925, and signed by the board of town auditors of the town of Salem. The certificate of levy contained a recital of the consent of the board of town auditors of the town of Salem on the 27th day of August, 1925, to the

levy and extension of the additional sixteen cents. The town clerk testified that the date August 27, 1925, was inserted in the documents by him by mistake instead of the correct date, September 1, 1925. The town clerk's official record, which was introduced in evidence, showed that a special meeting of the board of town auditors was called for Thursday, August 27, 1925, and a meeting held on that date, at which there was presented a request of the commissioner of highways for an additional rate of sixteen cents for road and bridge purposes. The clerk's record also shows a meeting of the board of town auditors of the town of Salem was held at the town clerk's office on September 1, 1925, and that on that date the consent of the board of town auditors was given to the extension of a rate of sixteen cents on each $100 valuation of the taxable property of the town in excess of the rate of fifty cents, and recorded therein as of that date, and as a part of the proceedings, is a written consent signed by the supervisor, the two justices of the peace and the town clerk, dated September 1, 1925. Upon the trial the collector asked leave of the court to amend the certificate filed with the county clerk by the commissioner of highways by inserting the words "first of September" instead of "27th of August," to make the same conform to the town clerk's record, which leave was denied by the court, and this action is assigned as error. The act of consenting to the levy of the additional tax is official in its nature, and this consent must be given by the town auditors in their official capacity at an official meeting, and the action of the board can be shown only by the record of such meeting. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 Ill. 162; *People* v. *Madison County,* 125 id. 334; *Cincinnati, Indianapolis and Western Railroad Co.* v. *People,* 205 id. 538; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 271 id. 226.) While it was necessary that the highway commissioner's certificate of levy should show the

rate determined by him it was not necessary that it should contain a recital of the preliminary action taken by him or by the board of town auditors. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 324 Ill. 510.) The town clerk's record,—the only competent evidence of the action of the board,—showing that the consent of the board of town auditors was given at its meeting on September 1, 1925, it was immaterial that the commissioner in his certificate stated the wrong date of the giving of such consent. The court should have overruled defendant in error's objection to this excess tax.

The judgment of the county court is affirmed as to the county tax and is reversed as to the road and bridge tax of the town of Salem and the cause is remanded to the county court of Marion county, with instructions to overrule defendant in error's objection to the excess road and bridge tax of the town of Salem and to enter judgment therefor.

*Reversed in part and remanded.*