THE PEOPLE ex rel. M. R. Storm, County Collector, Appellant, vs. THE EASTERN ILLINOIS AND ST. LOUIS RAILROAD COMPANY, Appellee.

*Opinion filed December 21, 1927.*

1. TAXES—*amounts levied for bridges and right of way must be stated separately.* Under section 121 of the Revenue act a county tax levy for bridges and right of way should state the amount levied for each purpose, as bridges and right of way are, in common parlance, entirely different objects, notwithstanding the levy is recited to be for "bridges under county aid construction and right of way."

2. SAME—*words in a tax levy will be given ordinary meaning.* Words found in a tax levy are to be taken in their ordinary acceptation unless there is something in the context or subject matter which would cause them to have a different meaning.

APPEAL from the County Court of Shelby county; the Hon. W. C. KELLEY, Judge, presiding.

ROBERT I. PUGH, for appellant.

H. T. DICK, and W. L. KELLEY, for appellee.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Appellant, M. R. Storm, as county treasurer and *ex-officio* county collector of Shelby county, filed his application in the county court of that county for judgment against the lands of appellee for alleged delinquent taxes for the year 1926. Appellee filed its objections to an item in the county tax levy for "bridges under county aid construction and right of way, $40,000," by reason of which a tax of $575.37 was levied against appellee's property. The county court rendered judgment sustaining appellee's objections to this tax, from which judgment appellant has appealed to this court.

328—12

Appellee's objection to this item was, that it levied taxes for two distinct purposes without specifying the amount levied for such purposes separately. Section 121 of the Revenue act expressly provides that when county taxes are levied for several purposes the amount for each purpose shall be stated separately. This provision is mandatory. Bridges and rights of way are in common parlance entirely different objects. Words found in a tax levy are to be taken in their ordinary acceptation unless there is something in the context or subject matter which would cause them to have a different meaning.

Appellant's contention is that this levy was made for the single purpose of county aid bridge improvements and could be spent for anything connected therewith, either a bridge or a right of way upon which to set the bridge; that but one purpose is expressed by the wording of this proposed levy, and that is, to build bridges under county aid construction; that "there is nothing else that is certain or that is further expressed that any living person can say is a purpose of a levy unless words are added that do not appear in the declared purpose of the proposed levy item. The simple words 'right of way' mean nothing, standing alone. To make them a purpose of levy there would have to be added to them 'for highways,' or 'for bridges,' or for something that uses a right of way, and as to this the item objected to is silent;" that there are "some twenty things that have and use a right of way, and 'bridges under county aid construction' is one of them." These arguments only tend to make clearer that this levy is void for uncertainty by reason of the failure to itemize it.

The county court did not err in its judgment, and it is affirmed.

*Judgment affirmed.*