(No. 18528.—

THE PEOPLE *ex rel.* Martin Schnipper, County Collector, Appellee, *vs.* THE MISSOURI PACIFIC RAILROAD COM-PANY, Appellant.

*Opinion filed October 25, 1928.*

54

JOSIAH WHITNEL, and H. L. BROWNING, (EDWARD
J. WHITE, and ROLAND W. WEICHERT, of counsel,) for
appellant.

H. C. LINDAUER, State's Attorney, (CURT C. LINDAUER, and JOHN T. THOMAS, of counsel,) for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

The treasurer and *ex-officio* county collector of St. Clair county applied to the county court of that county for judgment and order of sale against lands returned delinquent for non-payment of the taxes levied for the year 1926. The Missouri Pacific Railroad Company filed objections to the county tax, the town tax and the road and bridge damages tax of the town of Centerville, and the village of Dupo tax. The objection to a portion of the town tax was sustained and the other objections were overruled. Judgment was rendered for the taxes found to be delinquent, and the railroad company prosecutes this appeal.

### The County Tax.

At its regular meeting in September, 1926, the board of supervisors of St. Clair county levied $442,403.70 for general county purposes. To raise this sum the rate extended against the taxable property in the county was fifty cents on each $100 of assessed valuation. Included in this levy was an item of $28,461.70 designated "for the repair and improvement of roads and bridges in the county." Subsequently the board of supervisors at a meeting held on March 5, 1927, adopted a resolution which, after setting forth that the county clerk had extended the county tax at the maximum rate and that this rate would not produce the sum levied, directed that the item for the repair and improvement of roads and bridges be reduced from $28,461.70 to $20,000, distributed as follows: For culvert and bridge purposes $10,000, and for the improvement of roads $10,000. Appellant contends that the item of $28,461.70 was levied for more than one purpose without designating the

amount required for each purpose separately, and that this item was for that reason void. Section 121 of the Revenue act (Cahill's Stat. 1925, p. 2014; Smith's Stat. 1925, p. 2120;) expressly provides that when a county tax is levied for several purposes the amount levied for each purpose shall be stated separately. This provision is mandatory. A county tax levy for roads and bridges is a levy for two purposes. The amount levied for the repair and improvement of roads and likewise the amount levied for the repair and improvement of bridges should have been stated separately. *People* v. *Illinois Central Railroad Co.* 266 Ill. 183; *People* v. *Eastern Illinois and St. Louis Railroad Co.* 328 id. 177.

Appellee insists, however, that the adoption by the board of supervisors of the resolution reducing and dividing this item cured the defect in the original levy, and to support the contention invokes the last paragraph of section 2 of the act entitled "An act concerning the levy and extension of taxes," as amended, known as the Juul law, (Cahill's Stat. 1925, p. 2050; Smith's Stat. 1925, p. 2157;) which authorizes a taxing body whose levy, in the extension of taxes, must be reduced, to distribute the amount of the reduction, after it has been ascertained, among the items of its appropriations, with certain exceptions, as the taxing body may elect, and in case no such election is made within three months after the extension of the tax the reduction shall be made *pro rata.* This paragraph is neither a repeal of nor is it inconsistent with the provision of section 121 of the Revenue act which requires the amount asked for each of the several purposes for which a county tax is levied to be stated separately. The paragraph does not authorize the separation of a void gross tax levy into distinct or separate items where the division was not made originally, nor does it purport to provide a method for the validation of a tax levy where a mandatory statutory provision has been ignored. Such a statute is for the protection of

the tax-payer, and a disregard of it will render the tax illegal. (*People* v. *Eastern Illinois and St. Louis Railroad Co. supra; People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 326 Ill. 179; *Same* v. *Same,* 319 id. 415; *People* v. *Glenn,* 207 id. 50.) The adoption of the resolution on March 5, 1927, was an attempt to divide an illegal tax levy into separate items to meet the requirement of section 121 of the Revenue act, but the resolution was ineffectual for that purpose. Appellant's assessment by reason of the particular item of the county tax to which it objected was $262.61. Its objection thereto should have been sustained.

*The Town Tax of the Town of Centerville.*

On May 13, 1926, the town clerk of the town of Centerville filed with the county clerk a certificate of a tax levy for the following town purposes:

| | |
|---|---|
| Overseer of the poor | $250.00 |
| Board of health | 150.00 |
| Town defense | 500.00 |
| Town officers' compensation | 2500.00 |
| Election expenses | 500.00 |
| Road violation fund | 2500.00 |
| Total | $6400.00 |

The certificate was dated the day it was filed, but it did not show either the date of the town meeting at which or the year for which the tax was levied. Pursuant to the town clerk's certificate the county clerk extended the rate of nine cents per $100 of assessed valuation against the taxable property of the town. This rate was necessary to produce $6400. The proportion of the tax extended against appellant's property amounted to $163.59. Appellant objected that the town clerk's certificate, because of its omissions, was insufficient to authorize the county clerk to extend the town tax. The county court sustained the objection to the extent of $72.70 and overruled it as to the balance.

The authority of the county clerk to extend a town tax is the certificate of the town clerk. Without that certificate any attempt to extend such a tax is illegal and void. Behind the certificate there must be a levy of the tax, for the reason that only from such a levy can the town clerk obtain the amounts to be certified. (*Peoria, Decatur and Evansville Railway Co.* v. *People,* 141 Ill. 483; *People* v. *Chicago and Alton Railroad Co.* 193 id. 364; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.) Upon application for judgment and order of sale for a delinquent tax, amendments may properly be allowed, by authority of section 191 of the Revenue act, where there has been an attempt to comply with the law but the attempt is ineffective on account of some informality or clerical error. (*People* v. *New York Central Railroad Co.* 314 Ill. 429; *People* v. *Brown,* 261 id. 73; *People* v. *Chicago and Illinois Midland Railway Co.* 260 id. 624.) Such amendments, however, cannot be allowed where they add matter which is essential as a basis for the levy of the tax. *People* v. *Chicago and Illinois Midland Railway Co. supra.*

The omissions from the town clerk's certificate of the date of the town meeting at which and of the year for which the town tax was levied might have been supplied to accord with the facts by amendment on the hearing. (*People* v. *Chicago, Rock Island and Pacific Railway Co.* 267 Ill. 90.) The record of the town clerk was admitted in evidence. From this record it appeared that a town meeting was held on April 5, 1927, at which the following tax levy was made for town purposes:

| | |
|---|---:|
| Overseer of the poor | $300.00 |
| Town defense | 500.00 |
| Election expenses | 500.00 |
| Fumigating | 150.00 |
| Board of health | 500.00 |
| Total | $1950.00 |

A motion was made on the hearing in the county court to amend the town clerk's certificate to conform to the record of that town meeting. The motion was granted but it does not appear that the amendment was ever made. If the amendment had been made it would have been of no avail, for the record of the town meeting afforded no basis for an amendment to the town clerk's certificate filed in the county clerk's office nearly a year before the town meeting was held. The town clerk's certificate was insufficient to authorize the extension of the town tax, and appellant's objection thereto should have been sustained.

*The Road and Bridge Damages Tax of Town of Centerville.*

At a meeting held on August 15, 1925, a petition for the laying out of a new road, theretofore filed with the town clerk, was presented to the highway commissioner of the town of Centerville. The prayer of the petition was granted on August 29, 1925. Subsequently, on September 1, 1925, the highway commissioner certified to the county clerk that in addition to the levy for the construction, maintenance and repair of roads and bridges, $16,000 was necessary for the payment of damages, itemized as follows:

| | |
|---|---:|
| Laying out new roads | $12,000.00 |
| Widening roads | 1,000.00 |
| Altering roads | 2,000.00 |
| Vacating roads | 1,000.00 |
| Total | $16,000.00 |

On October 3, 1925, the town clerk made an entry upon his record showing that twenty-three warrants, aggregating $17,953.48, had been issued for right of way, damages to land not taken, attorneys' fees and interest on orders, in anticipation of the levy of $16,000. Only three of these warrants, amounting to $1436.50, were dated prior to September 1, 1925, one bore date October 3, 1925, and the remaining nineteen were dated subsequently to the day on

which the town clerk made the entry on his record. It was stipulated that the sums for which these warrants were issued had been agreed upon, or that condemnation suits had been concluded, as the case might be, prior to September 1, 1925. On September 7, 1926, the highway commissioner filed with the county clerk a certificate, in which, after stating the amount necessary for road and bridge purposes, he added that approximately $9000·would be realized out of the levy of $16,000 for road damages made in September, 1925, and that the deficit of $7000 should be levied in the year 1926 for the payment of such damages. Pursuant to this certificate the county clerk extended against the taxable property in the town a rate of nine and two-thirds cents per $100 of assessed valuation. Appellant contends that the road damages tax is illegal because (1) at the time the levy was made the record of the highway commissioner failed to show that any damages had been agreed upon, allowed or awarded, as required by law; (2) the road damages allowed in one year cannot be made the basis of the levy of a tax for the same purpose in any succeeding year; and (3) awards made for the purchase of land to be used as the right of way for a new road are not damages within the meaning of the statute.

Section 58 of the Road and Bridge act (Cahill's Stat. 1925, p. 2080; Smith's Stat. 1925, p. 2197;) provides that "when damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads, the amounts of such damages and interest on orders issued in payment of such damages, not to exceed for any one year thirteen and one-third cents on each $100 of the taxable property of the town or district shall be included in the first succeeding tax levy" for the construction, maintenance and repair of roads and bridges in such town or road district, and shall "be in addition to the levy for road and bridge purposes." The section further provides that it shall be the duty of the commissioner

of highways, at the time of certifying the general tax levy for road and bridge purposes within his town or district, to include and separately to specify in such certificate the amount necessary to be raised by taxation for the purpose of paying such damages. Section 42 of the same act provides that in counties under township organization the town clerk shall act as the clerk for the highway commissioner. By section 51 the town or district clerk is given the custody of all records, books and papers of the town or road district, and is required to record in the book of records of his district all orders and directions of the highway commissioner required by law to be kept. The tax-payer of the town has the right to be informed by the record concerning the liabilities of the town and for what purposes his property is to be subjected to taxation. A valid tax levy cannot be made for the purposes specified in section 58 of the Road and Bridge act unless the record required to be kept by the town clerk shows that damages for some one or more of the purposes specified in that section have been agreed upon and allowed or awarded to the property owner by the commissioner of highways. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 281 Ill. 152; *People* v. *Chicago and Eastern Illinois Railroad Co.* 281 id. 177; *People* v. *Chicago, Indiana and Southern Railroad Co.* 265 id. 622; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 252 id. 395.) No entry was made by the town clerk of the award of any such damages until more than a month had elapsed after the tax levy had been certified to the county clerk. There was, therefore, no valid basis for the levy of a tax to pay damages for laying out roads.

Appellee, however, contends that because it was stipulated that the sums for which the warrants were issued had been adjusted or that condemnation suits had been concluded prior to September 1, 1925, when the tax was levied, the objection was properly overruled. Whether the facts are as stipulated is not controlling in the absence of a rec-

ord showing such facts. The existence of the record at the time the tax is levied is necessary for the tax-payer's protection, and the requirement is mandatory. *People* v. *Cairo, Vincennes and Chicago Railway Co. supra.*

Appellant's first contention is conclusive of the invalidity of the tax levy for road damages. It is therefore unnecessary to consider its second and third grounds of objection to that tax. The proportion of the tax assessed against appellant's property amounted to $175.71. The objection should have been sustained.

### The Village of Dupo Tax.

The tax levy by the president and board of trustees of the village of Dupo for the year 1926 aggregated $12,500. This total included an item of $2800 for "miscellaneous purposes," which constituted 22.4 per cent of the whole levy. The county clerk on his own volition eliminated this item and extended the village tax at the rate of $1.75 on each $100 of the assessed valuation of the taxable property in the village. This rate was sufficient to produce $9700—the balance of the levy. Appellant objected to 22.4 per cent of the village tax, not as certified but as extended, on the ground that, notwithstanding the elimination by the county clerk of the item for miscellaneous purposes, that item was still legally included in the rate extended and constituted a part of the village tax sought to be collected.

The tax-payer's right to have separately stated the purposes for which a tax is levied is a substantial right, of which he cannot be deprived under the guise of possible needs of the municipality, and to justify the levy of a tax for contingent, miscellaneous or other undefined purposes the sum so levied must be a very small proportion of the entire tax. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 326 Ill. 179; *People* v. *Wabash Railway Co.* 321 id. 39; *People* v. *Chicago, Milwaukee and St. Paul*

*Railway Co.* 319 id. 415; *People* v. *Wabash Railway Co.* 314 id. 388; *People* v. *Millard,* 307 id. 556; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312.) The item in question constituted approximately one-quarter of the total certified by the village authorities. Such a proportion of the whole cannot be justified without a specification of the purposes for which the tax is levied. The item for miscellaneous purposes was therefore void.

The county clerk is a ministerial officer and no judicial acts are required of him in extending taxes. He has no right, nor is it his duty, to determine whether taxes have been legally assessed. (*People* v. *Opel,* 207 Ill. 469; *Centralia Gas Co.* v. *Wilson,* 290 id. 294.) Although void, the county clerk had no authority to eliminate the item of $2800 from the tax levy. Its legality was a proper subject for determination, not by him but on the application for judgment and order of sale and objections thereto. By whatever process, however, the item of $2800 was excluded, the fact remains that it was wholly and completely eliminated. It constituted no part of the village tax extended for which judgment and order of sale are sought in this proceeding. Appellant's contention with respect to the village tax is equivalent to saying that after subtracting the subtrahend from the minuend the remainder still includes the subtrahend. The contention has no basis, and appellant's objection to the village tax was properly overruled.

The judgment of the county court to the extent that it concerns the tax of the village of Dupo is affirmed. In respect to the other taxes involved in the appeal the judgment is reversed. *Affirmed in part and reversed in part.*