(No. 22826.—

THE PEOPLE *ex rel.* Ben Anderson, County Collector, Appellee, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1935.*

ORR, J., dissenting.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, (MORISON R. WAITE, and WILLIAM A. EGGERS, of counsel,) for appellant.

HUGH V. MURRAY, State's Attorney, (ANDREW O. NIEHOFF, and TRUMAN A. SNELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

The county court of Clinton county overruled objections of the Baltimore and Ohio Southwestern Railroad Company to the application of the county treasurer and *ex-officio* collector of that county for judgment on account of delinquent taxes for the year 1933. The objector brings the cause here by appeal.

County taxes were extended against appellant's property at the rate of thirty-nine cents on each $100 valuation. Of this rate, twenty-five cents was for general county purposes, ten cents for county highways and four cents for mothers' pensions. Appellant objects to that part of the tax extended against its property for mothers' pensions, amounting to $433.81, and contends that the tax for that purpose must be included within the statutory limit of twenty-five cents for county purposes. We upheld a similar contention in *People* v. *Chicago and Eastern Illinois Railroad Co.* 296 Ill. 246, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 id. 214.

Appellee urges that because of the 1933 amendments of the Mothers' Pension act those decisions are now no longer controlling. Section 16 of the Mothers' Pension act (Smith's Stat. 1933, chap. 23, par. 338a,) was amended in 1933 by adding the words, "but the proceeds of such tax shall be paid into a special fund * * * and used

only for the purpose for which the tax was levied." The act previously contained no such provisions. The section as amended remains the same, except changes in the tax rate, as it was when the cases above cited were before this court.

Appellee claims that the added provisions in connection with section 16a of the act as amended in 1933 take away the county-purpose character of the mothers' pension fund, and make the county a mere trustee for the benefit of those entitled to receive the pension. Section 16a as amended in 1933 provides, in substance, that the General Assembly shall appropriate, from time to time, to the Department of Public Welfare a sum of money to be paid to counties giving relief under the provisions of the act. Such money shall be apportioned and paid on the basis of population, county needs and financial ability to meet such needs. No county shall receive such aid unless it meets the standards of administration set by the department. County treasurers are required to certify quarterly itemized statements of the money paid out under the act and to certify annually the total assessed valuation of the county and the amount raised by tax levy for the purpose of the act. Section 25 of the Counties act, (Smith's Stat. 1933, chap. 34, par. 25,) under which counties derive their authority to levy taxes for county purposes, has been amended several times, but its provisions pertinent to the issues here have not been changed since our holding in the cases above cited. Under that section the levy for county purposes may not exceed a rate of twenty-five cents per $100 valuation.

Construing the two acts and amendments together, it is obvious that neither section 16a nor the amendment to section 16 has any bearing on the question of whether or not an amount levied by a county for mothers' pensions must be included within the twenty-five cent limit for county purposes. They have to do only with the administration of the fund after it is collected. The amendments are in

harmony with the provisions of other acts for the budgeting and administration of public funds enacted to promote economy and efficiency. The segregation of any fund for accounting and distribution does not change its character. The mothers' pension fund is now levied for the same purpose as it was before the amendment of 1933. That purpose is as much a county purpose as it ever was. The prior decisions of this court are controlling, and the county court erred in overruling the objection.

The court also overruled appellant's objections to taxes of $136.83 extended against its property under two items of the annual tax levy of the city of Trenton. The items alleged to be illegal are: "Waterworks and waterworks extensions, $1500." "Electric lights and extensions, $3000." It is claimed the items are not sufficiently definite to comply with the requirements of the statute. Section 1 of article 8 of the Cities and Villages act (Smith's Stat. 1933, chap 24, par. 123,) requires the annual tax levy ordinance to specify in detail the purposes for which all appropriations to be collected from the tax levy are made and the amount appropriated for each purpose. The object of this requirement is to furnish the tax-payer with information as to the purpose for which taxes are levied, to enable him to compel the application of public funds to the purposes for which they were appropriated, to prevent the application of such funds to other purposes, and to prevent the raising of greater amounts than are necessary for legitimate corporate purposes. It is not necessary to specify every item which the city may expect to pay out of a particular appropriation. A single general purpose is sufficient to include every appropriate expenditure although there may be many items. (*Siegel* v. *City of Belleville,* 349 Ill. 240; *People* v. *Eastern Illinois and Missouri Railroad Co.* 335 id. 245.) If, however, a particular item of a levy is not sufficiently definite to disclose to the tax-payer the purposes for which the money is to be expended the

levy fails to comply with the statutory requirement and is void. (*Siegel* v. *City of Belleville, supra; People* v. *Chicago and Eastern Illinois Railway Co.* 326 Ill. 354; *People* v. *Chicago and Alton Railway Co.* 289 id. 282.) If a lump sum levy is made for several purposes it does not comply with the statute. (*People* v. *Eastern Illinois and St. Louis Railroad Co.* 328 Ill. 177; *People* v. *Chicago and Eastern Illinois Railway Co. supra.*) The tax-payer's right to have separately stated the purpose for which public money is appropriated or taxes levied is a substantial right, of which he may not be deprived. (*People* v. *Baltimore and Ohio Southwestern Railroad Co.* 356 Ill. 272; *Siegel* v. *City of Belleville, supra.*) The term "extensions" usually denotes the addition of existing facilities. As employed in the ordinance it therefore indicates a double purpose. How much is appropriated for the maintenance and operation of the existing waterworks system and how much for extensions is indefinite and uncertain. The same doubt surrounds the appropriation for "electric lights and extensions."

The statute was not complied with and it was error to overrule appellant's objection to the tax. The fact that the city of Trenton is a small municipality is immaterial. The requirements of the law are the same in all communities, regardless of their size. The tax-payers in a hamlet are entitled to the same measure of protection as are those in the most populous urban centers.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain both objections of appellant.

*Reversed and remanded, with directions.*

Mr. Justice Orr, dissenting.