(No. 22829.—)

THE PEOPLE *ex rel.* Thomas D. Nash, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE, ST. PAUL AND PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1935.*

ORR, J., dissenting.

ROBERT N. HOLT, for appellant.

THOMAS J. COURTNEY, State's Attorney, and LOUIS H. GEIMAN, (HAYDEN N. BELL, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Cook county overruled appellant's objections to certain items of tax levied by the village of Wilmette for the year 1931 and entered judgment against

appellant's property therefor. The items of levy objected to were: "For the operation, equipment, support and maintenance of police department and payment of salaries therein, $42,274," and "For the operation, equipment, support and maintenance of the fire department and payment of salaries therein, $20,805." The objection is that these items in the appropriation and levy ordinances do not separately state the purposes for which the money is appropriated, as required by section 2 of article 7 of the Cities and Villages act. Under that act the village board is required to adopt an annual appropriation bill or ordinance, which ordinance shall specify the objects and purposes for which such appropriations are made and the amount appropriated for each purpose and object. The only question involved here is whether the appropriation and tax levy ordinances meet these requirements.

The right of a tax-payer to have separately stated the purposes for which an appropriation of public money is made is so well established as to require no extended comment or citation of cases. (*Siegel* v. *City of Belleville,* 349 Ill. 240; *People* v. *Bowman,* 253 id. 234; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312; *People* v. *Baltimore and Ohio Southwestern Railroad Co.* (*ante,* p. 301.) This right is conceded, and the question is whether the appropriation and levy ordinances comply with it. The specification of each particular item of expense for which the appropriation is made is not necessary, so long as the general purpose designated informs the tax-payer of the purposes for which his money is to be expended. But where it is apparent that under a general heading money may be expended for purposes essentially different, as either for salaries, or the purchase of fire engines or police patrol wagons, and the like, the tax-payer has a right to have those purposes separately stated and to know what is appropriated for each. Where a particular appropriation is not sufficiently definite to disclose the purpose for which

the money is being expended, the appropriation and levy fail to comply with the requirements of the statute. *People* v. *Chicago and Eastern Illinois Railway Co.* 326 Ill. 354; *People* v. *Chicago and Alton Railway Co.* 289 id. 282; *People* v. *Arnold Bros.* 282 id. 305.

Counsel for each of the parties have cited numerous cases in support of their contention, and it would be of little assistance to review them all. The right of a tax-payer to have separately stated the purposes for which the public money is appropriated or a tax levied is a substantial right, of which he may not be deprived. (*People* v. *Missouri Pacific Railroad Co.* 332 Ill. 53.) Separate purposes to which appropriation is made must be separately stated, with the amount appropriated to each. The mere statement that a sum of money is appropriated to or levied for a certain department of the city government, though various functions of that department be enumerated, does not amount to stating separately the purposes for which the money is appropriated or levied, and the amount appropriated or levied for each, as the statute requires. Salaries, equipment and maintenance are not the same purposes, though they may all relate to a single department. Under the appropriation and levy before us no one may say whether the amount intended for salaries is unreasonable or the amount to be used for equipment is unjustified, for no one may know what is appropriated for each. The tax-payer is thus denied the opportunity to object to the amount levied for any one of the uses of the fire or police department. This appropriation and levy may, so far as a separation of the purposes is concerned, as well have been made to the fire department or to the police department, without more. Instead of being a separation it is a combination in the one item, which the statute prohibits. As was said in *Siegel* v. *City of Belleville, supra,* it may be said in this case: "By such a practice, if approved, the mere enumeration of the several departments of the city gov-

ernment and the sum of money set apart for each would constitute an appropriation bill." Lacking such separation of the objects and purposes for which the appropriations were made, as is required by section 2 of article 7 of the Cities and Villages act, the levy cannot be sustained, and the county court erred in overruling appellant's objection.

The judgment of the county court is therefore reversed and the cause is remanded, with directions to sustain appellant's objection to these items of tax.

*Reversed and remanded, with directions.*

Mr. Justice Orr, dissenting.