The county court of Kankakee county overruled the objections of the appellant (hereinafter called the objector) to the county tax and also to the tax levied by the city of Momence "for streets, alleys, walks and sewers" for the year 1933 and entered judgment of sale against the objector's property for such taxes. The objector brings the record here for review. *Page 570 
The case was tried upon an agreed state of facts. The county tax was levied on December 5, 1933. Neither the record nor the stipulation discloses whether the meeting of the county board on December 5, 1933, was an adjournment of the September, 1933, meeting or whether it was a regular or special meeting held on that day. The county board did not determine the amount of the collector's annual bond on or before December 1, 1933.
It is claimed by the objector that the statute required the levy for the county tax to be made on or before the first day of December, 1933, and that such levy not having been made within such time the tax is void. The collector contends that the amendment of October 26, 1933, to section 121 of the Revenue act, (Laws of 1933-34, (Ist, 2d and 3d Special Sess.) p. 36,) by which it is provided that counties with a population of less than 500,000 may in the year 1933, at any recessed or adjourned session of the September meeting, or at any regular or special meeting called for that purpose, amend or revise or adopt a tax levy for that year, permitted the levy to be made at any time during the year 1933; that section 135 of the Revenue act, (Smith's Stat. 1933, pp. 2371-2372; Cahill's Stat. 1933, p. 2322;) providing that the respective county clerks shall annually, on or before the first day of December, or as soon thereafter as the collectors are duty qualified, deliver to them the books for the collection of taxes, does not control the levy of the county tax here in question.
This court in People v. Chicago, Burlington and QuincyRailway Co. (ante, p. 433,) passed upon this same issue, and there held that by the amendment of 1933 to section 121 a tax might be levied in such year at a recessed or adjourned September session of the board, or at any regular meeting, or at any special meeting called for that purpose. The presumption, in the absence of proof to the contrary, is, that the county board in making the levy on December 5 was acting at a meeting duly and legally held, irrespective of *Page 571 
whether it was an adjourned or recessed September meeting, a regular meeting provided by the rules of the county board, or a special meeting called for the purpose of making the tax levy. (People v. Millard, 307 Ill. 556; Chicago andNorthwestern Railway Co. v. People, 183 id. 196; Chicago andNorthwestern Railway Co. v. People, 171 id. 249; Pike
v. People, 84 id. 80.) There is no evidence in the record to controvert this presumption. The county court ruled correctly in overruling the objections to the county tax.
The objector insists that the tax levy ordinance of the city of Momence is void as an attempt to levy a tax for more than one purpose without stating the amount for each purpose. Section 1 of article 8 of the Cities and Villages act (Smith's Stat. 1933, chap. 24, p. 361; Cahill's Stat. 1933, p. 337;) provides that the city council shall, annually, determine the amount of the appropriation for all corporate purposes, and "by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, shall levy the amount so ascertained" upon all taxable property within the city. It is obvious that this statutory provision is for the protection of the tax-payer and designed to give him information in detail of each specific corporate purpose for which the municipal taxes are levied. (People v. Ross, 272 Ill. 63.) There is no common object between streets and sewers. Each serves a distinct and separate purpose. The statute requires a tax levy for street purposes and sewer purposes to be made separately. A levy for both could not legally be made in gross. People v. Chicago,Milwaukee, St. Paul and Pacific Railroad Co. 359 Ill. 351;People v. Alton and Eastern Railroad Co. 359 id. 440; People v.Baltimore and Ohio Southwestern Railroad Co. 359 id. 301;People v. Missouri Pacific Railroad Co. 332 id. 53; People v.Ford, 289 id. 550; People v. Chicago and Alton Railway Co.
289 id. 282. *Page 572 
The judgment of the county court of Kankakee county sustaining the validity of the county tax is affirmed, but the judgment which overruled the objections to the tax levied by the city of Momence is reversed and the cause is remanded, with directions to sustain the objections to that tax.
 Affirmed in part, reversed in part and remanded, with directions.