(No. 30452.—

CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Appellant, *vs.* CLAY LAWLESS, County Collector, Appellee.

*Opinion filed March 18, 1948—Rehearing denied May 13, 1948.*

JOHN T. INGHRAM, of Quincy, and STEVENS & HERN-DON, (ELMER NAFZIGER, of counsel,) both of Springfield, for appellant.

JOHN T. REARDON, State's Attorney, (ARTHUR R. ROY, and HENRY W. POLLOCK, of counsel,) all of Quincy, for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Central Illinois Public Service Company, appellant, filed its petition in the county court of Adams County for the return of certain personal property taxes for 1945 which

were paid under protest. The county collector of said county, appellee, was made defendant to said petition. The county court on August 29, 1947, entered its order in said cause allowing said petition in part but denied it as to the four items hereinafter mentioned. This appeal is from that denial order, as it relates to revenue. The pertinent facts are stipulated.

The first objection charges that the county clerk, in extending the tax for "Maintaining and Operating Adams County Health Department," extended the tax rate against the assessed value of taxable property in Adams County outside the town of Quincy instead of applying a rate against all the taxable property in the county. The action of the clerk resulted in an extension of a rate in excess of that which would have been required had he included the taxable property in the town of Quincy as provided by the action of the county board in its resolution levying the tax. Appellee in his brief and argument confesses the error with respect to this objection and it is clear that the county clerk erred in omitting the taxable property in the town of Quincy in his extension of the tax and that the prayer of the petition for the return of the tax paid under protest as to this item should have been granted.

The second objection relates to the item of $16,702.75, which was paid under protest and for which appellant filed petition for its return. The levy here involved was made by the city of Quincy for "Street and Bridge Purposes." The city of Quincy and the town of Quincy are coextensive in area. The city levied a total street and bridge tax of $74,490. Of this levy four items aggregating $11,880 were specified for street purposes. Neither the appropriation ordinance nor the levy ordinance specified whether the remaining items aggregating $62,610 were appropriated and levied for street purposes or for bridge purposes.

It is the contention of appellant that a levy of a tax

for "Street and Bridge Purposes" is one for two separate purposes and that the levy for the items aggregating $62,610 is therefore invalid. The levy for street and bridge purposes is for a special tax under section 6 of article 69 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1943, chap. 24, par. 69-6,) which provides: "The corporate authorities of each municipality, whether incorporated under the general law or a special charter, which includes wholly within its corporate limits a township or townships, or a road district, may levy, annually, a tax for street and bridge purposes of not to exceed twelve cents on each one hundred dollars of all the taxable property in any township or road district lying wholly within the limits of that municipality. But if, in the opinion of three-fourths of the members elected to the city council or board of trustees of such a municipality, a greater levy for bridge and street purposes is needed, an additional levy may be made of any sum not exceeding eight and one-third cents on each one hundred dollars of such taxable property. The street and bridge tax authorized by this section shall be in addition to: (1) any tax that such a municipality is now authorized to levy for street or bridge purposes, and (2) the tax that such a municipality is now authorized to levy upon the aggregate valuation of all property within the municipality, and (3) the amount authorized to be levied for general purposes as provided by section 16-1."

The city council of Quincy, by the affirmative vote of more than three fourths of its members, adopted a resolution stating that in the opinion of said city council, in addition to a tax of twelve cents on each one hundred dollars on all the taxable property in the town of Quincy, lying wholly within the corporate limits of and being coextensive with the city of Quincy, a greater levy is needed for "Street and Bridge Purposes" for the current fiscal year, and provided that for such purposes there be levied

an additional tax of eight cents (in addition to said levy of twelve cents) on each one hundred dollars of taxable property.

Section 1 of article 15 of said Revised Cities and Villages Act provides that the corporate authorities, shall, in the annual appropriation ordinance, specify the objects and purposes for which the appropriations are made and the amount appropriated for each object or purpose; and in section 1 of article 16 it is provided that they shall specify. in the tax levy ordinance, in detail, the purposes for which the appropriations have been made and the amount appropriated for each purpose, respectively, and shall levy not to exceed the total amount so ascertained upon the taxable property within the municipality. (Ill. Rev. Stat. 1943, chap. 24, pars. 15-6, 16-1.) We have held that the municipal authorities must specify the purposes for which a tax is levied and that a single levy for more than one purpose is bad. In *People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408, we held that the objection to a levy for "sidewalks and bridges" should have been sustained because these were two separate purposes. In *People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450, we sustained an objection to a tax for "streets, alleys and sidewalks" on the ground that sidewalks and streets serve a separate purpose and that the tax, levied in gross, should specify the portion for sidewalks and the portion for streets. In *People ex rel. Hoennicke* v. *New York Central Railroad Co.* 360 Ill. 569, we held that there is no common object between streets and sewers; that each serves a distinct and separate purpose and that a levy for both could not legally be made in gross.

Section 156 of the Revenue Act of 1939, (Ill. Rev. Stat. 1943, chap. 120, par. 637,) insofar as it requires that each purpose for which an amount is levied shall be stated separately, is substantially the same as section 1 of article 16 of the Revised Cities and Villages Act. We have

held in a number of cases that a tax levy for roads and bridges is a levy for two purposes. *People ex rel. Schnipper v. Missouri Pacific Railroad Co.* 332 Ill. 53; *People ex rel. Miller v. Illinois Central Railroad Co.* 266 Ill. 183; *People ex rel. Storm v. Eastern Illinois and St. Louis Railroad Co.* 328 Ill. 177.

Appellee contends that section 6 of article 69 of said Revised Cities and Villages Act, under which the street and bridge tax was levied, contemplates a single levy for the sole purpose of street and bridge tax. The language used in this section is "a tax for street and bridge purposes" and "a greater levy for bridge and street purposes." In each case where the language is used the word "street" and the word "bridge" is in the singular form, but in each case the word "purposes" is in the plural form. Also, in the second paragraph of the section it is provided "the street and bridge tax authorized by this section shall be in addition to: (1) any tax that such a municipality is now authorized to levy for street or bridge purposes." The word "or" is disjunctive and can only mean that the statute refers to the power of the municipal authorities to levy a tax for a street or a bridge. This statute was passed for the purpose of enabling the municipal authorities to raise more money for street and bridge purposes and not to change the manner or method by which the levy may be made.

Appellee cites the case of *People ex rel. Siekman v. Pennsylvania Railroad Co.* 385 Ill. 350, in further support of his contention that a levy of a tax under this section is for a single purpose. The question as to whether the tax for road and bridge purposes was for a single purpose or for two separate purposes was not presented in that case and it is not shown whether the tax levied was levied for a single purpose or whether it was specified for street purposes and for bridge purposes. The sole question that was presented in that case was whether an ordinance passed

by the commissioners of the city of East St. Louis, sitting as a city council, was sufficient to levy a road and bridge tax under this section or whether the city council should sit as highway commissioners of the township. The city council in that case passed the tax levy ordinance, levying a road and bridge tax under section 6 of article 69, to which objection was filed on the ground that the city council should have levied the tax as highway commissioner. We upheld the tax and in doing so held that "since specific power to levy street and bridge taxes is given by that act, with no direction as to how they shall be levied, such taxes shall be levied as other city taxes are levied." The city of East St. Louis and the town of East St. Louis are co-extensive, as is the case with the city and the town of Quincy here.

Appellee also cites the case of *People ex rel. Bracher* v. *Millard,* 307 Ill. 556. In that case the levy was made for constructing, maintaining and operating streets and alleys. We held in that case that the levy was for a single purpose and was not to be confused with a levy for roads and bridges, which is required to be separated. In determining whether a tax levy is for a single purpose or a double purpose, it is necessary to consider the object or objects to which the tax is to be applied and to look to the statutes under which the taxes are levied as to the purpose or purposes contemplated.

We are of the opinion that the levy for "street and bridge purposes" by the municipal authorities of the city of Quincy under said section 6 of article 69 is a levy for two separate purposes and should have specified the amount for streets and the amount for bridges separately.

The third objection is to the levy of $5150 consisting of two parts: $1000 for moving of relief office, which was included in the levy for town purposes; and the other of $4150, levied as proportionate share of plan commission cost, which is also included in the levy for town purposes.

Appellant objects to the levy of $1000 for moving of relief office, on the ground that the town of Quincy levied the full amount allowed by law for poor relief purposes, and that moving of relief office should have been included in that levy as part of the administration of poor relief. Included in the budget for poor relief under the heading "Administration" are the items, office supplies, office rent, office furniture and equipment and office heat. If it was necessary to move the relief office, that was necessarily a part of maintaining the office and should have been included in the levy for poor relief purposes under the heading "Administration." Appellee cites no authorities under the statute, and we know of none, which authorize the levy under town purposes for moving of relief office. A tax can be levied only where there is some authority given by the statute for the levy of the tax. The item of $4150 for "Proportionate Share of Plan Commission Cost" is too indefinite to enable the taxpayer to determine whether the purpose is one authorized by law. The record is limited to "Proportionate Share of Plan Commission Cost," and we are unable to determine the nature, purpose or character of the plan commission or the "Proportionate Share" of the costs thereof to be borne by the town of Quincy, or whether the purpose is one that is authorized by law.

In *People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79, we held a levy for "Surplus Commodity," which appeared to have been levied in connection with "Home Relief (including veterans,)" bad because it failed to show any authority for the levy for "Surplus Commodity." We held in *People ex rel. Raymond* v. *Chicago and Alton Railroad Co.* 194 Ill. 51, that, "The taxpayer is not to be concluded by the opinion of the electors as to what are the legal purposes to forward which he may be required by the town to part with his money by way of taxation upon his property. He has the right to know and be informed by the proposition adopted by an annual

town meeting directing that money be raised by taxation, the purpose for which the exaction of the tax is ordered."

Appellee calls attention to the article of the Revised Cities and Villages Act (Ill. Rev. Stat. 1945, chap. 24, par. 53-1,) wherein the authority has been given to every municipality to provide for the creation of a plan commission. No authority is shown by this statute to authorize a "Proportionate Share of Plan Commission Cost" and the record in this case wholly fails to show what the proportionate share of the plan commission cost is for which the levy is made. Appellee cites the case of *People ex rel. Toman* v. *Estate of Otis,* 376 Ill. 112, wherein this court sustained the validity of a levy for "Materials, Supplies and Expenses and supervision of painting and decorating in conjunction with WPA Projects, $250,000.00." The objection to the levy in that case was that it was indefinite, vague and uncertain and further that it was not for a corporate purpose. We held that the levy was sufficiently itemized to comply with section 135½ of the School Law and that it was for a "corporate purpose" because it was for the painting and decorating to be done on school buildings owned by the board of education; that the primary object of the appropriation was for a legitimate corporate purpose, and the fact that WPA contributions might lighten the taxpayers' burden of financing the improvement did not destroy the corporate character. In this case, the levy for "Proportionate Share of Plan Commission Cost, $4,150.00" does not show in what proportion the tax is levied, what, if any, other municipality is to share the other proportion of the cost, what the plan is or what plan is proposed, if any, or whether the plan is such as is authorized by statute. The levy is illegal and void. The objection to both these items should have been sustained.

The other objection of appellant to a portion of the unitemized amount levied for administration for poor relief

purposes has been withdrawn and appellant has directed that as to this item the order of the county court should be affirmed, which is accordingly done.

The county court of Adams County erred in not ordering the return to the appellant of the amount of $64.99 levied against it for maintaining and operating Adams County Health Department, the amount of $16,702.75 levied against it by the city for street and bridge purposes, and the sum of $1529.12 levied against it by the town of Quincy for moving of relief office and for proportionate share of plan commission cost. Its order refusing the return of these items is reversed. In all other respects its order is correct and is affirmed.

The order of the county court of Adams County is reversed in part, as above indicated, and affirmed in part, and the cause is remanded with directions to proceed accordingly.

*Affirmed in part and reversed in part, and remanded, with directions.*