(No. 23541.—)

THE PEOPLE *ex rel.* Allen J. Nelson, County Collector, Appellee, *vs.* E. M. RUNYARD, Appellant.

*Opinion filed October 14, 1936.*

RUNYARD & BEHANNA, (WILLIAM R. BEHANNA, and DANIEL J. DALZIEL, of counsel,) for appellant.

CHARLES E. MASON, State's Attorney, (OKEL S. FUQUA, GEORGE S. McGAUGHEY, ALBERT L. HALL, and MARSHALL MEYER, of counsel,) for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

This cause comes to this court by appeal from a judgment and order of sale entered by the county court of Lake county for installments of delinquent special assessments, interest and penalties thereon, against ninety-eight tracts of real estate owned by the appellant.

The principal questions raised and argued here by the appellant relate to whether the publication of the delinquent list and notice of intended application for judgment and sale, together with the publisher's certificate thereto, were legally sufficient under the requirements of section 65*b* of chapter 24, (State Bar Stat. 1935, p. 380,) and also as to whether the newspaper in which the publication was made was such as met the statutory requirements in which such list and notice might lawfully be published. The objections filed by the appellant in the trial court relate to no other subjects, except that one of such objections questioned the amount of costs that might be assessed against objector's property by reason of the fact that in the published notice certain of appellant's real estate was listed under several collectors' warrants instead of being grouped together, as the objector contended was required. This raised a question of substance, which was tried on its merits in the lower court. The appellant prevailed on his contention that costs should not be charged against his real estate, and no cross-error has been assigned on that ruling.

No issue was made in the trial court and none argued here by the appellant that his various parcels of real estate are not subject to the delinquent special assessments and interest claimed thereon. On the date of the hearing he appeared generally and by his attorneys filed an amendment to his objections without in either instance limiting his appearance in any manner. The record fails to show that the appellant at any stage of the proceedings stated

or indicated that his appearance was other than general.. His attorneys introduced proof and argued the case on his behalf. It is therefore clear that under the prior decisions of this court the appellant by submitting himself to the jurisdiction of the court and going to trial on the merits waived all questions relating to alleged defects in the publication notice containing the delinquent list, notice of application for judgment, the contents of and manner of publication thereof, the certificate of the publisher, or whether the newspaper was a proper statutory medium in which such notice might lawfully be published. *People* v. *Alton and Eastern Railroad Co.* 359 Ill. 440; *People* v. *Jones,* 333 id. 382; *People* v. *Southern Gem Co.* 332 id. 370; *People* v. *Brown,* 261 id. 73; *Marshall* v. *People,* 219 id. 99; *Illinois Central Railroad Co.* v. *People,* 170 id. 224.

The appellant also raises and argues here certain other objections, including one relating to the county collector's entries in the tax, judgment, sale, redemption and forfeiture record required to be kept by him under section 188 of the Revenue act, (State Bar Stat. 1935, chap. 120, p. 2646,) alleging that the entries therein pertaining to the appellant's real estate were not made in compliance with the provisions of that section but were in violation thereof. Such objections cannot here be considered, since the objections filed by the appellant in the trial court did not raise those issues. *People* v. *Irvin,* 325 Ill. 497; *People* v. *New York Central Railroad Co.* 296 id. 187.

For the reasons stated, the judgment of the county court of Lake county was correct and is affirmed.

*Judgment affirmed.*