(No. 29680.—

THE PEOPLE *ex rel.* E. R. McWard, County Collector, Appellee, *vs.* WABASH RAILROAD COMPANY *et al.*, Appellants.

*Opinion filed November 20, 1946.*

246

HOGAN & COALE, of Taylorville, for appellants.

THOMAS SWEENEY, State's Attorney, (BRENDA SWEE-
NEY, of counsel,) both of Taylorville, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a judgment of the county court of Christian county overruling the objections of appellants to certain taxes extended for the year 1942. The taxes involved in the appeal are the county tax, the town tax of the towns of Bear Creek, May and Taylorville, the road and bridge tax of the towns of Bear Creek, Buckhart, King, May, Ricks, Stonington and Taylorville, the village tax of the villages of Harvel, Morrisonville and Stonington and the school tax of school districts Nos. 61 and 76.

The first objection involves five items in the county levy for general corporate purposes. The first item objected to is "aid to the poor $2000." This item is attacked because it is alleged that the burden of supporting paupers is on the townships and not on the county. A similar item levied for "support of county poor $4000" was held invalid in *People ex rel. Thies v. Baltimore and Ohio Southwestern Railroad Co.* 356 Ill. 272. It was error to overrule the objection to this item.

The next item of county tax objected to is "Election expense for Ballots, Poll Books and fees of Judges and Clerks, $6000." The objection made to this tax is that it is not sufficiently itemized and specific to comply with section 156 of the Revenue Act of 1939, which provides that where county taxes are to be raised for several purposes, the amount for each purpose shall be stated separately. The right of a taxpayer to have stated separately the purposes for which public money is appropriated or a tax levied is a substantial right of which he may not be deprived. (*People ex rel. Schlaeger v. Reilly Tar & Chemical Corp.* 389 Ill. 434; *People ex rel. Toman v. Signode Steel Strapping Co.* 380 Ill. 633.) The object of statutes requiring a separate statement of the purposes for which taxes are levied is to give the taxpayer information and also an opportunity, if he desires it, to object to unjust

and illegal levies and assessments. (*People ex rel. Toman v. Estate of Otis,* 376 Ill. 112; *People ex rel. Nash v. Chicago and Northwestern Railway Co.* 359 Ill. 435.) On the other hand, it is equally well settled that itemization requirements of a taxing statute must receive a practical and common-sense construction, (*People ex rel. Schlaeger v. Bunge Brothers Coal Co.* 392 Ill. 153; *People ex rel. Toman v. Belmont Radio Corp.* 388 Ill. 11; *People ex rel. Toman v. Estate of Otis,* 376 Ill. 112,) and that there is no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the taxpayer. (*People ex rel. Oller v. New York Central Railroad Co.* 388 Ill. 382.) While it is sometimes difficult to determine whether a tax is levied for a single or a multiple purpose, we think this item was sufficiently itemized and specific to comply with the statute, and included only one purpose, namely, defraying the expense of holding elections, and that the expense of ballots and pollbooks and the fees of judges and clerks of elections are all embraced in the one general purpose. Courts will not adopt strained constructions in order to invalidate a tax. *People ex rel. Frick v. Chicago and Eastern Illinois Railway Co.* 361 Ill. 470.

Appellants also objected to the following items of the county levy: "Fees of County Officers: Sheriff $9000; County Clerk $7,500; Circuit Clerk $900." The objection was that the tax for these items was levied in violation of section 10 of article X of the constitution, which provides that the compensation of county officers shall be paid only out of fees collected by the office. This section of the constitution provides that the county board, except as provided in section 9 of said article, (which refers to certain county officers of the county of Cook,) shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and that in all cases where fees are provided for, said com-

pensation shall be paid only out of, and shall in no instance exceed, the fees actually collected; and further provides that all fees or allowances by them received, in excess of their said compensation, shall be paid into the county treasury.

The compensation of county officers, as the term "compensation" is used in section 10 of article X of our constitution, consists of the salary of the officer and the amount of necessary clerk hire, stationery, fuel and other expenses of his office, while the term "fees" is used in said section to designate the sums prescribed by law as charges for services rendered by county officers in their official capacity and has no application to the personal compensation of officers. The compensation of the officer may be fixed by the county board in a lump sum, including both salary and expenses, in which event he may retain as his compensation the whole amount of such sum out of fees collected; (*People ex rel. Heuer* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470; *People* v. *Frick,* 367 Ill. 446;) or the salary may be fixed in one item and the expenses of his office as other items, in which latter case the county officer is entitled to retain from the fees collected by him the entire salary, but can retain on account of expenses only so much as will reimburse him for the amounts actually expended for the reasonable and necessary expenses of his office, not in excess of the amounts fixed by the county board for such purpose. *People ex rel. Heuer* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470; *People* v. *Frick,* 367 Ill. 446.

The legislature by the adoption of the Fees and Salaries Act in 1872 divided the counties of the State into three classes and prescribed the fees to be paid to the county officers for the various acts and services rendered by them in the line of their official duty. Christian county is in the second class. The sheriff, the county clerk and the circuit clerk in the counties of the second class must receive their

compensation only out of fees earned by them as such officers, but the county is required by statute to pay them fees for certain services. The sheriff is allowed a per diem for attending court and a fee for patrolling public highways, each to be paid out of the county treasury. (Ill. Rev. Stat. 1945, chap. 53, par. 37.) In all criminal cases where the defendant is acquitted or otherwise legally discharged, without payment of costs, the sheriff's fees are paid from the county treasury to an extent sufficient, with the fees collected by him during the year, to make his salary or compensation with the amount of his necessary clerk hire, stationery, fuel and other expense. (Ill. Rev. Stat. 1945, chap. 53, par. 37.) The fees of the circuit clerk in all criminal cases, when the cost cannot be collected from the defendants on their conviction, or when the defendants shall be acquitted, shall be paid from the county treasury to an extent sufficient, with the fees collected by him during the year, to make his compensation or salary. (Ill. Rev. Stat. 1945, chap. 53, par. 32.) The county clerk is allowed a fee, to be paid from the county treasury, for each lot or tract of land forfeited and so stamped on the collector's books. (Ill. Rev. Stat. 1945, chap. 120, par. 646.) The statute also allows county and circuit clerks a per diem for attending court and the county clerk a per diem for attending the sessions of the county board, but makes no provision for the manner of their payment. However, we think it must be conceded that such per diems are earnings of the offices of the respective clerks, and, at least insofar as necessary to make up the salary of the clerk and the expenses of his office for clerk hire, etc., are payable out of the county treasury. The same is true as to the provision for the payment of the fees allowed the sheriff for summoning jurors. The legislature having thus, both expressly and by implication, authorized the payment of fees of the sheriff, county clerk and circuit clerk out of the county treasury, the county board had an undoubted

right to levy to pay fees of these officers, and this would, in no way, violate any provision of the constitution.

Appellants direct another objection to two items in the county levy for general corporate purposes, the first item providing $5000 for "Bridge Repairs" and the second $3000 for "Maintenance of County Highway Garage and Office Buildings." The objection directed against these items is that they are not proper items in the county levy for general corporate purposes, but are items proper only to be included in the county highway tax levied for the purpose of improving, maintaining and repairing State-aid roads, under section 14 of an act adopted by the legislature in 1921, entitled "An Act in relation to State Highways." Ill. Rev. Stat. 1945, chap. 121, par. 304.

Counties, aside from their powers and duties in connection with the construction and repair of State-aid roads and bridges therein, are authorized by section 36 of the Roads and Bridges Act to construct and repair certain county-line bridges, each county bearing its proportionate share of the expense. (Ill. Rev. Stat. 1945, chap. 121, par. 41.) The repair of such bridges, if not located within State-aid roads, is properly included in the corporate levy of the county, and, in the absence of proof of the non-existence of any such bridge, will not be disturbed.

Section 26 of the Counties Act (Ill. Rev. Stat. 1941, chap. 34, par. 26,) imposes upon the county the duty to erect, provide and keep in repair a court house, jail and "other necessary county buildings." The expense incurred for those purposes is a general corporate expense of the county payable from the general county tax levy. The county highway tax may be levied "For the purpose of improving, maintaining and repairing the highways required to be improved, maintained and repaired by the county * * * and for the payment of lands, quarries, pits or other deposits of road material required by the county for such purpose." (Ill. Rev. Stat. 1941, chap. 121,

par. 304.) In view of these provisions we are of the opinion that the levy for "Maintenance of County Highway Garage and Office Buildings," was properly included in the county tax. Such items are payable only from the general county funds and are not properly included in the county highway tax.

The town of Bear Creek made a total levy of $4080 for poor relief, and included therein $300 for "contingencies." The highway commissioner of the town of Burkhart made a total levy of $8500 for road and bridge purposes and included in it $500 for contingencies. The abstract shows a total levy of $7000 in Ricks township for road and bridge purposes, which includes an item of $500 for contingencies, and in May township a levy of $1400 for poor relief, containing an item of $100 for contingencies. These amounts for contingencies are objected to as excessive. While there is no hard-and-fast rule as to the amount or percentage of the total tax which may be levied for contingent purposes, in accordance with the previous rulings of this court, these amounts levied for contingencies were not, in our opinion, excessive and appellant's objections thereto were properly overruled.

Appellants also objected to certain portions of the road and bridge taxes levied in King, Bear Creek, Ricks and Taylorville townships, which it was claimed were in excess of the appropriations for the same items in the budget and appropriation ordinance. This objection to the road and bridge tax of the town of Taylorville cannot be considered since the record does not contain the budget and appropriation ordinance upon which the objection is based. This ordinance not being introduced in evidence, we cannot speculate upon its provisions and render a decision predicated upon sheer speculation. (*People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382.) Appellants' brief contains a statement of those portions of the appropriation ordinance claimed to be material, but the ordinance was not

introduced in evidence and no copy of it is included in the record. No consideration can be given to the mere statement of appellants as to what the ordinance contains. Everything necessary to decide the questions raised on appeal must appear in the record. A duty rests upon a party prosecuting an appeal, not only to furnish an adequate abstract conformably to Rule 38 of this court, but to include in the record evidence essential to the disposition of the contentions urged. *People ex rel. Oller v. New York Central Railroad Co.* 388 Ill. 382.

An examination of the record discloses that although the budget and appropriation ordinance of the highway commissioner of King township estimates and appropriates for the fiscal year commencing March 31, 1942, and ending March 29, 1943, the cash on hand at the beginning of the year, uncollected taxes of 1941 and prior years and other estimated receipts, it neither estimates, appropriates nor purports to expend any part of the money to be derived from the current tax levy of 1942, and that it shows that no part of the 1942 taxes is to be anticipated. A highway commissioner's budget and appropriation ordinance, budgeting and appropriating for expenditure only moneys on hand or to be derived from sources other than the tax levy of the current year, cannot be considered as a budget or appropriation of revenue to be derived from the current levy and does not limit or invalidate the levy. (*People ex rel. Manifold v. Wabash Railroad Co.* 389 Ill. 403; *People ex rel. Prindable v. Illinois Central Railroad Co.* 389 Ill. 474.) There is another reason why this objection cannot be sustained. That portion of the budget and appropriation ordinance showing the revenue estimated to be received during the fiscal year and the source and amount thereof is not abstracted. A party bringing a case to this court is required to furnish an abstract containing sufficient contents of the record to present fully every error upon which he relies. (*People ex rel. Oller v. New York Cen-*

*tral Railroad Co.* 388 Ill. 382; *People* v. *Mattei,* 381 Ill.
21; *Department of Finance* v. *Sheldon,* 381 Ill. 256; *Department of Finance* v. *Bode,* 376 Ill. 374.) This court will
not search the record for the purpose of reversing a judgment. (*People ex rel. Akin* v. *Southern Gem Co.* 332 Ill.
370.) Failure of the abstract to properly present the errors
relied upon warrants the court in affirming the judgment.
*Department of Finance* v. *Sheldon,* 381 Ill. 256; *Department of Finance* v. *Bode,* 376 Ill. 374.

The budget and appropriation ordinance of the highway
commissioner of Bear Creek township and that of the highway commissioner of Ricks township each include an item
of $1000 to be received during the fiscal year from anticipation warrants against the taxes of 1942. However, that
portion of the ordinances showing the revenue estimated
to be received during the fiscal year and the source and
amount thereof is also not abstracted. What has been said
on this subject in disposing of the last-mentioned objection to the road and bridge tax of King township demonstrates that because of appellants' failure to properly abstract these ordinances, the judgment of the county court
overruling these objections to the road and bridge taxes
of Bear Creek and Ricks townships must be sustained.

Appellants also filed written objections to levies made
by the highway commissioners of the towns of Bear Creek,
Buckhart, King, May, Ricks, Stonington and Taylorville
for oiling roads. These objections are on the ground that
the Federal government, on July 2, 1942, issued an order
forbidding the use of oil for highways, and therefore a
levy of taxes for such purpose is claimed by appellant to
be illegal and void. This government order and regulation, however, as was generally and universally understood,
was not intended to be continued in force as a permanent
prohibition, but was issued as an emergency war measure,
to be repealed when no longer necessary to the successful
prosecution of the war. The highway commissioners in

each of these towns had been authorized by a vote of the people to levy a tax for the oiling of roads. Under the circumstances we can see no reason why they might not levy a tax to provide funds to be used in the future for that purpose when the government prohibition against the use of oil on highways was repealed. A tax levied to provide funds for future lawful expenditures is not levied for an unlawful purpose. This court has repeatedly held that taxing bodies need not wait until the money is actually needed before levying a tax. The presumption is that the tax is lawful and just and the burden is on the objector to establish its invalidity. The record in this case contains no showing that any of the highway commissioners intended to use this tax money in violation of said government order or that the levy will result in the accumulation of a fund greater than reasonably necessary for oiling of roads in the future upon the repeal of said government regulation. There is no basis for the contention that the highway commissioners acted illegally in levying a tax to provide funds for the oiling of roads. We think they would have been remiss in their official duties had they failed to levy this tax and on repeal of the government order had no funds on hand available for the oiling of roads. These objections cannot be sustained. Other objections to these taxes are argued by counsel, but they were not mentioned in the written objections and cannot be raised for the first time in this court. (*People ex rel. Nelson* v. *Runyard*, 364 Ill. 256.) The issues in a proceeding of this character are limited to the points raised by the written objections filed, the presumption being that no other objections to the tax exist. *People ex rel. Olmsted* v. *University of Illinois*, 328 Ill. 377; *People ex rel. Fix* v. *Trustees of Northwestern College*, 322 Ill. 120.

Appellants objected to an item for home relief in each of the tax levies of May and Taylorville townships. This item appeared in each of the respective certificates of levy

on file in the county clerk's office when the same were introduced in evidence as "home relief (~~including veterans~~.)" A town has no authority to levy a tax for "home relief (including veterans)." (*People ex rel. Little* v. *Peoria & Eastern Railway Co.* 383 Ill. 79.) No other evidence in respect to this objection to the May town tax was offered by appellant. The burden of establishing the invalidity of a tax rests upon the objector and in the absence of proof to the contrary it is presumed just and that the officers levying it have properly discharged their duties. (*People ex rel. DeRosa* v. *Chicago & North Western Railway Co.* 391 Ill. 347; *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56.) We find no error in that portion of the county court judgment overruling the objection to the tax levy for home relief in May township. In the absence of proof we cannot assume that the words "(including veterans)" were not deleted from the tax levy certificate of May township when filed in the office of the county clerk.

N. E. Carlson, a tax investigator for the appellant railroad company, testified in its behalf that during October, 1942, he examined the tax levy certificate of the town of Taylorville on file in the office of the county clerk and that the words "(including veterans)" were not then deleted. A deputy county clerk, who had been deputy since 1942 and prior to that time the county clerk for ten years, testified that the certificate had been in the county clerk's office since the time it was filed and that, so far as he knew, it was in the same condition on the day of the hearing as it was when filed in his office, but on cross-examination admitted that he did not know whether it had been changed or not. Upon this state of the record we think the objector has sustained the burden of establishing, by affirmative proof, the invalidity of the tax in question. In support of the tax the collector relies upon the case of *People ex rel. McWard* v. *Chicago & Illinois Midland Railway Co.* 388

Ill. 325, where the issue was the same as here, namely, whether the certificate of levy of town taxes for home relief was altered by elimination of the words, "(including veterans)" subsequent to the time it was certified to and filed in the office of the county clerk. In that case two tax investigators testified that they examined the original certificate of levy after it was filed with the county clerk and that, at the time of their examination, the words "(including veterans)" were not deleted. In opposition to this testimony the county clerk testified that the tax levy certificate was in the same condition on the day of the hearing upon the objections as it was when filed and the town clerk also testified that the objectionable language in the tax levy certificate was stricken prior to the passage of the levy ordinance at the town meeting. It will readily be observed how widely different was the evidence in the case relied on by the collector from that in the case now before us. There the county clerk testified positively that the certificate was in the same condition as when filed in his office. Here he testifies only that so far as he knows its condition is the same and that he does not know whether it has been changed or not. Neither is there any evidence before us that the objectionable language in the tax levy certificate was stricken prior to the passage of the levy ordinance at the town meeting. Every case involving an issue of fact must necessarily be decided upon the basis of the evidence presented in that particular case. A decision upon an issue of fact in one case will not be controlling in another involving an exactly similar issue where the record in the one case contains evidence different from or in addition to that in the other.

Appellants object in this court to an item of $50 for buildings contained in the road and bridge levy of Ricks township, but this objection need not be noticed since it was not filed or presented to the court below.

Objection was also made to the whole of the village tax levied for general corporate purposes in each of the villages of Harvel and Morrisonville. The respective levy ordinances of these villages show that in each case the amount levied is the same as the amount appropriated. The contention is that the villages, in addition to revenues from taxation, receive revenues in substantial amounts from liquor licenses, dog licenses, fines and fees, that an estimated amount thereof should have been deducted from the amount of appropriations in arriving at the amounts to be levied, but that in making the levies no consideration was given to revenues receivable from sources other than taxation. As an alternative objection to the general corporate tax of the village of Morrisonville, appellants contend that the item levied for the repair and maintenance of streets and alleys in the sum of $2100 was excessive to the amount of $1035, claimed to be one half of the road and bridge tax levied by the highway commissioner of the town of Ricks against the assessed valuation of the property located within the village.

These objections cannot be considered since the record does not contain the appropriation ordinance of either village and no proof whatever was made of the amount of revenues of the villages derived from sources other than taxation and no proof made of the amount of road and bridge tax levied by the highway commissioner of Ricks township on the property lying within the village of Morrisonville, or of any facts whatever from which such amount of road and bridge tax might be ascertained. The burden of proving the amount of revenue receivable by the respective villages from sources other than taxation rests upon the objector, and if such proof is not made, the objection will not be considered. *People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450.

Section 59 of the Roads and Bridges Act provides that one half of the tax levied by a highway commissioner of

a township on property lying within a village located within such township shall be paid over to the treasurer of such village to be appropriated to the improvement of the roads, streets and bridges of the village. In such cases the amount receivable by the village from the levy of the highway commissioner should be carried as an asset of the village in making its general corporate levy and deducted from the amount appropriated for repairing and maintaining the streets and alleys of the village in arriving at the amount to be levied for such purpose, and if not, then the village levy for repairing and maintaining streets and alleys is excessive to the extent of the amount receivable from the highway commissioner's levy. (*People ex rel. Franklin* v. *Wabash Railroad Co.* 387 Ill. 450.) Here, however, the record shows no evidence was introduced from which it was possible to determine the amount receivable by the village of Morrisonville from the levy of the highway commissioner of Ricks township. No proof was made of the assessed valuation of the taxable property in either the village or the township. Appellants' brief states that the highway commissioner of Ricks township has levied a rate of 33 cents for roads and bridges against the total assessed valuation of the village of Morrisonville, which produces $2070, but no such showing appears in the record. As above pointed out herein, everything necessary to decide the questions raised on appeal must appear in the record and no consideration can be given to statements contained in the brief as to matters not included in the record.

Another alternative objection was made to an item of $1750 in the tax-levy ordinance of the village of Morrisonville, levied "for maintenance of waterworks system." The objection is that the levy is not sufficiently itemized and specific to comply with the provisions of the Cities and Villages Act, requiring that where taxes are to be raised for several purposes, the amount for each purpose shall be separately stated, in that it represents a single amount for

a department of municipal government, and, as such, is void. What we have previously said in disposing of the objections to the county levy as to the right of a taxpayer to have separately stated the purposes for which a tax is levied and the construction to be given the itemization requirements of a taxing statute· is also applicable to this objection. This court has held that an appropriation or levy of a sum of money for a certain department of a municipal government, without stating separately the purposes for which the money is appropriated or levied and the amount for each purpose, does not amount to stating separately the purposes for which the money is appropriated or levied, as the statute requires, and is therefore void; ·(*People ex rel. Nash* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 359 Ill. 351; *Siegel* v. *City of Belleville,* 349 Ill. 240;) and that a levy which is in effect a levy.for a department of a municipal government is likewise void. (*People ex rel.· Wilson* v. *Wabash Railway Co.* 368 Ill. 497.) Under the authorities, an appropriation or levy "for water department" or "for waterworks system" would clearly be insufficient. No one could tell from such appropriation or levy whether the money was to be expended for permanent improvements and additions to the waterworks system or merely for current operating expense, or whether for a combination of both classes of expenditures, one class of which would be consumed during the current year and the other class invested in equipment and improvements which would last many years. An item of city tax levied as "waterworks and waterworks extensions, $15,000" was condemned by this court in *People ex rel. Anderson* v. *Baltimore and Ohio Southwestern Railroad Co.* 359 Ill. 301, as not stating separately the purposes for which it was levied. In that case it was pointed out that while a single general purpose is sufficient to include every appropriate expenditure embraced within such general purpose, the levy for waterworks and waterworks extensions indicated a double

purpose, since the term "extensions" denoted the addition of existing facilities; and therefore, from such levy, it was indefinite and uncertain how much of the tax levied was for the maintenance and operation of the existing waterworks system and how much for extensions. In *People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382, a levy of $15,000 "for the purpose of fire protection in the city of Cairo" was upheld as sufficiently stating a single general purpose. It is well settled that a single general purpose is sufficient to include every appropriate expenditure thereunder, although there may be many items, and that a single sum may be levied for several purposes if each purpose is embraced within the general purpose for which the tax is levied. (*People ex rel. Oller* v. *New York Central Railroad Co.* 388 Ill. 382; *People ex rel. Toman* v. *Belmont Radio Corp.* 388 Ill. 11.) The item here in controversy specifies a single purpose and is sufficiently specific to inform the taxpayer as to the general purpose to which the tax would be applied, namely, the current expense of maintaining the waterworks system.

The village tax of the village of Stonington is objected to on the ground that no certified copy of the ordinance by virtue of which the tax was levied was filed in the office of the county clerk. The record shows that there was filed in the county clerk's office what purported to be, from the document itself, the original ordinance and not a certified copy thereof. The record contains nothing in any way indicating that it was a copy and not the original ordinance. This objection should have been sustained. *People ex rel. Wangelin* v. *Pitcairn*, 371 Ill. 616.

Appellee concedes that the taxes levied by school district No. 61, both for educational and building purposes, are void in their entirety. Accordingly, we need not consider the issue raised in the court below by the objection to these taxes.

The final objection charges that the board of education of school district No. 76 levied a tax for educational purposes in excess of the authorized rate. The only evidence which the record shows to have been introduced in support of this objection, in addition to the certificate of levy showing that $7760 was levied for educational purposes, is objector's exhibit 36, which is entitled by the objector as the school district's budget, but which is a copy of the school district's claim for State aid. This exhibit, which was signed on behalf of the district by V. E. Cole, as principal, and L. A. Castleman, as clerk or secretary of the board, gives the total equalized assessed valuation of all taxable property within the district as $485,985, and is the only evidence in the record indicating the assessed valuation of the taxable property within the district. Without this exhibit there is nothing from which can be ascertained the rate at which the tax for educational purposes was levied. The assessed valuation of a school district cannot be proved by the *ex parte* statements of the principal of the school or the secretary of the board of education. The amount of such valuation is a matter officially appearing of record in the office of the county clerk; and the county clerk, who is the custodian of such records, is the proper person by whom such valuation may be proved. The statement of assessed valuation contained in exhibit 36 was purely hearsay and could have no probative effect. The court did not err in overruling this objection.

For the reasons indicated, the judgment of the county court of Christian county is affirmed in part and reversed in part, and the cause is remanded to that court with directions to enter judgment in accordance with the views herein expressed.

*Affirmed in part and reversed in part
and remanded, with directions.*