*In re* APPLICATION OF COUNTY COLLECTOR.—(THE PEOPLE *ex rel.* JAMES H. CLARK, County Collector of Du Page County, Plaintiff-Appellee, *v.* AMOCO OIL COMPANY, Defendant-Appellant.)

Second District    No. 80-515

Opinion filed June 19, 1981.

James A. Geraghty, of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Byron Faermark, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant taxpayer paid its 1973 real estate taxes under protest and filed its written objections to the application of the County Collector of Du Page County for a judgment for said taxes. Following a hearing, the trial court overruled the taxpayers' objections to certain levies for the police and fire departments of the city of Naperville. The taxpayer appeals.

The single issue raised on appeal is whether the levies were sufficiently itemized to comply with statutory requirements. The statutory requirements are set forth in section 8—2—9 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 8—2—9), which established the guidelines for annual municipal appropriations, and section 8—3—1 (Ill. Rev. Stat. 1973, ch. 24, par. 8—3—1), which established how corporate authorities may levy and collect taxes. These sections are substantially reenactments of much older statutory provisions contained in section 2 of article 7, and section 1 of article 8 of the Cities and Villages Act (Ill. Rev. Stat. 1931, ch. 24, pars. 92, 115 (Cahill).) There are certain well-established principles which govern whether a particular levy or appropriation is valid under these provisions. These principles are cited with approval in almost all of the cases cited by both plaintiff and defendant.

Despite the plethora of cases which have dealt with this issue, and

despite the fact that there is little disagreement as to the legal principles which govern the determination of the validity of a tax levy, the determination of whether the levy is valid in a particular case remains difficult. This case is no exception.

The basic problem is that the recognized principles of law which govern the determination of the validity of the tax levy fall into two categories which are difficult to reconcile.

On the one hand, all agree that under the statutes a taxpayer has a right to have the purpose of an appropriation or levy stated in a sufficiently clear and intelligible manner, so that by reading it he can understand its purpose and have a basis for determining its propriety. (*In re Application of Cook County Collector* (1973), 14 Ill. App. 3d 1012, 1014.) No one denies that the object of the statutory requirements is to enable the taxpayer to compel the application of public funds to the purposes for which they were appropriated and to prevent the application of such funds to other purposes as well as to prevent the raising or expenditure of greater sums of money than are necessary for legitimate corporate purposes. (*Seigel v. City of Belleville* (1932), 349 Ill. 240, 245.) The right of a taxpayer to have stated separately the purposes for which public money is appropriated or a tax levied is a substantial right of which he may not be deprived. (*People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 247.) The object of the statute requiring a separate statement of the purposes for which taxes are levied is to give the taxpayer information and an opportunity to object to unjust and illegal levies and assessments. (*People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 247-48.) If it cannot be determined what purposes are embraced in the fund, the levy fails as being vague, indefinite and uncertain. *People ex rel. Wilson v. Wabash Ry. Co.* (1938), 368 Ill. 497, 502.

But it is also stated with equal regularity and consistency that a single appropriate general purpose is sufficient to include every expenditure although there may be many items and that there is no valid objection to levying a single sum for several purposes if each purpose is embraced within the general purpose for which the tax is levied. (*People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 261; *People ex rel. Oller v. New York Central R.R. Co.* (1944), 388 Ill. 382; *In re Application of Cook County Collector* (1973), 14 Ill. App. 3d 1012, 1014.) It is also stressed that itemization requirements of a taxing statute must receive a practical and common sense construction. *People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 248; *People ex rel. Schlaeger v. Bunge Brothers Coal Co.* (1945), 392 Ill. 153, 163.

Because these guiding principles are somewhat antithetical, for further guidance, we necessarily turn to those cases that have considered specific tax levies similar to the levies in the case at bar. In the present

case, the city's levy for its police protection fund stated: "Police Protection Tax, Police Department Expense $128,499," and the levy for its fire protection fund stated: "Fire Protection Tax, Fire Department Expense $128,499."

In *Seigel v. City of Belleville* (1932), 349 Ill. 240, the supreme court applied the foregoing principles and found that the city of Belleville's levy which read "Fire Department, two mill tax, $36,000" was void because it failed to specify the object and purposes for which the money was appropriated. In *People ex rel. Nash v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.* (1935), 359 Ill. 351, 352, the court voided a levy which read "For the operation, equipment, support and maintenance of police department and payment of salaries therein, $42,274," and a similar levy for the fire department. The court stated that under such general headings the money could be expended for purposes essentially different as either for salaries, or for the purchase of fire engines, or police patrol wagons and the like. The court held that under the statute the taxpayer has a right to have those purposes separately stated and to know the amount allocated for each purpose.

In *People ex rel. Frick v. Chicago & Eastern Illinois Ry. Co.* (1935), 361 Ill. 470, the court held that a levy which merely stated that it was for a certain department of a municipal government, namely, the police department, was void in that it did not state separately the purposes from which the money was appropriated or levied, nor did it state separately the amount allocated for each purpose. In the same case, levies which read "Water fund, $5,000 and light fund $5,000" were also held void because it could not be determined whether the amount levied was to be expended for water and light respectively or for salaries, equipment, acquisition of real estate, etc. The court determined that because the levy was uncertain, vague and indefinite, it was void.

In 1944, however, in the case of *People ex rel. Oller v. New York Central R.R. Co.* (1944), 388 Ill. 382, 386, the emphasis of the court shifted towards the principle that a single appropriate general purpose is sufficient to include every expenditure although there may be many items. The *Oller* court stated that "[i]n short, there is no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the taxpayer." (*People ex rel. Oller v. New York Central R.R. Co.* (1944), 388 Ill. 382, 386.) Itemization requirements must be accorded a common sense construction. The *Oller* court also approved levies "for parks and parkways and maintenance." The court found that these levies stated a single and general purpose, namely, "maintenance," and gave the requisite information to the taxpayer. The *Oller* court in approving a levy "for the purposes of fire protection in the City of Cairo, $15,000" held that the

item stated a single general purpose. *People ex rel. Oller v. New York Central R.R. Co.* (1944), 388 Ill. 382, 389.

The last pronouncement on this subject by the Supreme Court of Illinois was in the 1946 case of *People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243. In that case the court considered the validity of an item in a tax levy ordinance which read "for maintenance of the water works system, $1,050." The court agreed that under the cited authorities an appropriation or levy for "water department" or for "water works system" would clearly be insufficient. The designation "for maintenance of water works system," however, did specify a single purpose and was sufficiently specific to inform the taxpayer as to the general purpose to which the tax would be applied, namely, the current expense of maintaining the water works system. Our review of the more recent appellate court cases such as *Continental Illinois National Bank & Trust Co. v. Village of Park Forest* (1972), 4 Ill. App. 3d 811, convinces us that *People ex rel. McWard v. Wabash* is still good law in Illinois. There is no doubt that a levy for the "Police Department," just as a levy for a "Water Department," would be insufficient. We conclude, however, that just as the designation "for maintenance of water works system" is sufficient to inform the taxpayer as to the general purpose to which the tax would be applied, so does the addition of the word "expense" make the police and fire protection levies sufficient to inform the taxpayer that the purpose of the levy is for the current expenses of operating the police and fire department. It would not include capital expenditures either for buildings and real estate or for equipment. The trial court correctly overruled the objection of the defendant, and the judgment is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and LINDBERG, J., concur.