*In re* APPLICATION OF JOHN LOTUS NOVAK, County Collector, Applicant-Appellee (Bernard M. Susman, Objector-Appellant).

Second District   No. 2—85—0209

Opinion filed April 30, 1986.

Ralph C. Putnam, Jr., and Paul A. Lewis, both of Alschuler, Putnam, McWethy, Funkey & Lewis, of Aurora, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Roy F. Lawrence, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Bernard M. Susman (the objector) appeals from a judgment of the circuit court of Du Page County in favor of the county collector (the collector) of Du Page County (the county) overruling objections to property taxes for the year 1979. The objector argues that his objections to taxes for certain funds should have been sustained because the county board failed to comply with section 156 of the Revenue Act of 1939, which requires the amount for each purpose for which taxes are to be raised to be stated separately (Ill. Rev. Stat. 1979, ch. 120, par. 637). The objector also argues that an exhibit offered by the collector was inadmissible for various reasons and that the trial court erred in admitting it. We need not address the questions raised concerning the admissibility of the exhibit because, assuming *arguendo* the exhibit was properly admitted, the objections should nonetheless have been sustained. This case must however be remanded to determine whether the county board should be given the opportunity to amend its tax levies. Ill. Rev. Stat. 1979, ch. 120, par. 717.

On November 27, 1979, the county board passed its budget for the fiscal year beginning December 1, 1979, a copy of which is the

aforementioned collector's exhibit. The budget included the county's appropriations ordinance and tax levies as well as the appropriations ordinance and tax levy for the county's board of election commissioners. The objector complains that six of the tax levies were insufficiently itemized to comply with the applicable statute. These levies were (1) $5.2 million for the general fund "for the purposes set forth in 'An Act to Revise the Law in Relation to Counties', as amended" which was "for the objects and purposes as above set forth in detail of the general fund budget"; (2) $4.8 million for the county highway fund "for the purposes set forth in the 'Illinois Highway Code,' as amended"; (3) $240,000 for the county bridge fund "for the purposes set forth in the 'Illinois Highway Code,' as amended"; (4) $420,000 for the supervisor of assessments' fund "for the purposes set forth in 'An Act to Authorize County Boards in Counties of Less Than 500,000 Inhabitants to Appoint a Supervisor of Assessments and to Levy and Collect a Tax to Pay the Cost of Operating the Office of Supervisor of Assessments"; (5) $165,000 for the property record cards' fund "for the purposes set forth in chapter 34, paragraph 425, Illinois Revised Statutes 1973"; and (6) $1.55 million for the election commission fund "for the purposes set forth in chapter 46, sec. 6A—8 Illinois Revised Statutes."

■ Section 156 of the Revenue Act of 1939 concerns the raising of property taxes by the counties. (Ill. Rev. Stat. 1979, ch. 120, pars. 482(11), 637.) It provides in pertinent part:

"The county board *** shall, annually, *** determine the amount of all county taxes to be raised for all purposes. *** When for several purposes, the amount for each purpose shall be stated separately." (Ill. Rev. Stat. 1979, ch. 120, par. 637.)

The right of a taxpayer under this statute to have stated separately the purposes for which a tax is levied is a substantial right of which the taxpayer may not be deprived. (*People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 247, 70 N.E.2d 36, 39; *In re Application of County Collector* (1981), 97 Ill. App. 3d 708, 709, 423 N.E.2d 251, 253.) The object of this statute requiring a separate statement of the purposes for which taxes are levied is to give the taxpayer information and an opportunity to object to unjust and illegal levies and assessments. (*People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 247-48, 70 N.E.2d 36, 39; *In re Application of County Collector* (1981), 97 Ill. App. 3d 708, 709, 423 N.E.2d 251, 253.) For many years this State has had in effect a statute with provisions in all relevant respects identical to section 156 of the Revenue Act of 1939, and for more than 80 years it has been the law of this State that a failure

to comply with the requirements of such a statute is not a mere irregularity but rather is a fatal omission. *Chicago, Burlington & Quincy R.R. Co. v. People ex rel. Sonnet* (1904), 213 Ill. 458, 467, 72 N.E. 1105, 1107.

The tax levies in dispute were in very general terms, as can be seen from the summaries of them given earlier, and the collector does not argue that they would be sufficient standing alone. Rather, the collector argues that the county budget contains the statements of purposes required by the statute. The objector argues that the statute requires the necessary itemization to be in the tax levies themselves, and that, even if the itemization need not be in the levies themselves, the county budget does not provide the information required by the statute.

Whether the itemization required by section 156 of the Revenue Act of 1939 must appear in the levy itself is apparently a question of first impression. The terms of the statute require only that the county board state the amount of taxes to be raised for each purpose separately. The statute does not provide that this itemization must appear in any particular instrument enacted by the board. In other instances, where the legislature has wished to require that an itemization appear in a levy ordinance, it has done so explicitly. (See Ill. Rev. Stat. 1979, ch. 24, par. 8—3—1.) We conclude that the lack of such language in section 156 of the Revenue Act of 1939 means that the county board need not make its statement of the amounts of taxes for each purpose in the levy ordinance itself but may do so in a separate instrument. The county budget must therefore be examined to determine whether the required itemization appears there.

■ The county's budget is an extremely detailed document which appears to fully comply with the statute governing it (Ill. Rev. Stat. 1979, ch. 34, par. 2101 *et seq.*). It lists, *inter alia*, all anticipated revenues, including property taxes, for each fund and itemized proposed appropriations from each fund showing in detail what the county planned to spend during the fiscal year. The itemization of the appropriations is such that, if the tax levies had been itemized to the same degree, there is little question that the levies would have complied with section 156 of the Revenue Act of 1939. The problem, however, is that it is impossible to determine the amount of property taxes the county board determined had to be raised for each individual purpose, and it is the amount of the taxes, not of the appropriations, which section 156 of the Revenue Act of 1939 requires be separately stated for each purpose. (Ill. Rev. Stat. 1979, ch. 120, par. 637.) While it is true that itemization requirements are to be accorded a practical and

common-sense construction (*People ex rel. Schlaeger v. Bunge Brothers Coal Co.* (1945), 392 Ill. 153, 163, 64 N.E.2d 365, 370), that rule cannot save the taxes levied here where the information required by the statute simply was not provided in the levy itself or in the budget.

In his argument, the collector describes the county's budget making as a three step process: First, the amount to be spent and the ways in which it is to be spent is determined; second, nontax revenues are estimated; and third, the estimated deficiency between the nontax revenues and planned spending is levied. The collector argues with some force that, given this process, a tax is levied to compensate for an estimated deficiency and suggests that amounts for particular purposes are more appropriately stated for appropriations. There is logic in this argument. Indeed, it would seem that the wealth of detail in the county's budget would provide a taxpayer with all the information a taxpayer would ever need regarding the county's raising and spending of money. Section 156 of the Revenue Act of 1939 nonetheless requires that the county board state separately the amount of taxes to be raised for each purpose and not the amount of money to be spent for each purpose. (Ill. Rev. Stat. 1979, ch. 120, par. 637.) As detailed as the budget is with respect to appropriations and anticipated revenue from all sources, it is impossible to derive from the budget the amounts of property taxes to be raised for each purpose, which are the amounts required to be stated separately. Although it may well be that the legislature should consider amending section 156 of the Revenue Act of 1939, the wisdom and usefulness of that statute are not matters for this court to concern itself with. (See *Chicago, Burlington & Quincy R.R. Co. v. People ex rel. Sonnet* (1904), 213 Ill. 458, 467, 72 N.E. 1105, 1107.) We can only say that the statute was not complied with and, under principles long ago established by our supreme court, noncompliance with the statute is fatal to the tax levy.

■ It remains for us to determine the proper disposition of this appeal. So far as can be discerned from the record as it now stands, the error which occurred may not affect the substantial justice of the levy itself, and it may be that the levy could be "sufficiently itemized, the purpose defined and made certain by amendment" (Ill. Rev. Stat. 1979, ch. 120, par. 717). In short, it may be that section 236 of the Revenue Act of 1939 would apply and that the county board should be given an opportunity to amend the tax levies to comply with section 156. Since the record may not be complete on this question because it was not litigated in the circuit court proceedings, it is necessary to remand this cause for a hearing. If appropriate under section 236, the county board should be permitted to amend its tax levies, and judg-

ment should again be entered for the collector. Otherwise, judgment should be entered in favor of the objector in accordance with the views expressed in this opinion.

The judgment of the circuit court of Du Page County is reversed, and this cause is remanded.

*Reversed and remanded.*

SCHNAKE and STROUSE, JJ., concur.