*In re* APPLICATION OF THE DU PAGE COUNTY COLLECTOR FOR JUDGMENT FOR DELINQUENT TAXES FOR THE YEAR 1979 (The People *ex rel.* John Lotus Novak, Du Page County Collector, Applicant-Appellee, v. Bernard M. Susman, Objector-Appellant).—*In re* APPLICATION OF THE DU PAGE COUNTY COLLECTOR FOR JUDGMENT TAXES FOR THE YEAR 1983 (The People *ex rel.* John Lotus Novak, Du Page County Collector, Applicant-Appellee, v. Jewel Companies, Inc., Objector-Appellant).

Second District No. 2—89—0412

Opinion filed January 16, 1990.

Ralph C. Putnam, Jr., of Alschuler, Putnam, McWethy, Funkey & Lewis, P.C., of Aurora, for appellants.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Robert G. Rybica, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE DUNN delivered the opinion of the court:

Appellants (objectors), Bernard Susman and Jewel Companies, Inc., appeal from a circuit court decision denying their objections to Du Page County property taxes. The circuit court's decision was entered after a hearing on remand from two appeals decided by this court.

In *In re Application of Novak* (1986), 142 Ill. App. 3d 1004, we ruled that Susman's objections to 1979 property taxes should have been sustained because the tax levies failed to state sufficiently the purposes of the levies in accordance with section 156 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 637). We also held, however, that section 236 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 717) may allow the county to amend the levies to comply with section 156. We remanded for a hearing, directing the trial court to determine whether amendment under section 236 was appropriate and, if so, to permit amendment and find for the collector. *Novak*, 142 Ill. App. 3d at 1008-09.

In the Jewel Companies case, we held in an unpublished order under Supreme Court Rule 23 (*People ex rel. Du Page County Collector v. Jewel Cos.* (1987), 156 Ill. App. 3d 1172) that all but one of Jewel Companies' objections to 1983 property taxes should have been sustained for failure to comply with section 156, and, as in the Susman case, we remanded for a determination as to whether the county board could properly amend the levies to comply with the statute.

At a hearing in which the cases were consolidated, the circuit court ruled that section 236 allowed the county board to amend the levies to comply with section 156. The county submitted copies of amended tax levy ordinances adopted in 1988 which set out a list of purposes for each levy previously found insufficient. For example, the 1979 $5.2 million general-fund levy found insufficient in the Susman case, as amended, stated purposes under 33 categories containing 109 items with an amount designated for each item. Based on the amendments, the lower court overruled the objections.

Objectors have organized their appeal into four points raising three issues; however, we perceive only one issue: whether section 236 of the Revenue Act of 1939 permits Du Page county to amend levies that this court previously found insufficient for lacking sufficient itemization of purposes.

Section 236 states in relevant part:

"In all judicial proceedings of any kind for the levying and collection of taxes, no error or informality of any officer or officers in making any tax levy or in certifying or filing the same

not affecting the substantial justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax and where such an error or informality in a levy, its certification, filing or publication can be corrected by amendment, or a levy can be sufficiently itemized, the purpose defined and made certain by amendment, made prior to the entry of any order of court affecting said levy or the collection of taxes thereon, such amendment or amendments, certification, filing or publication may be made by the proper officer or officers or corporate or other governing authorities of the taxing bodies affected and the ordinance, resolution, publication or certificate, respectively, as amended, certified, filed or published, shall, upon proof of such amendment or amendments, certification, filing or publication being made to the court, have the same force and effect as though originally adopted, published, filed and certified in the amended form: Provided the aggregate amount or rate of the original levy shall not be thereby increased." Ill. Rev. Stat. 1979, ch. 120, par. 717.

Objectors contend section 236 does not apply to levies determined invalid due to the county board's failure to sufficiently itemize its purposes. This failure, they argue, affects the substantial justice of the levy. They contend section 236 applies only to cases where the failure adequately to state the purpose of a levy results from a clerical error. Thus, in this case, objectors argue, the county could only amend the levies if it presented proof that it had originally sufficiently provided for separate purposes but failed, due to clerical error, to record this action in the levy.

In support of their contention, objectors cite cases holding that the failure to state each purpose separately renders the tax invalid. (*Chicago, Burlington & Quincy R.R. Co. v. People ex rel. Sonnet* (1904), 213 Ill. 458, 466-72; *People ex rel. Smith v. Wabash Ry. Co.* (1941), 377 Ill. 68, 70; *People ex rel. Prindable v. New York Central R.R. Co.* (1947), 397 Ill. 247, 248-51.) Objectors contend this rule establishes that a failure to state separately each purpose affects the substantial justice of the levy. We find these cases merely beg the question. They stand for the same general rule that required this court to rule the levies invalid in the first place. They say nothing of the issue at hand, whether the failure sufficiently to itemize or state separate purposes may be cured by amendment under section 236.

No case has specifically addressed the issue presented here. The lead case on amendments under section 236 is *People ex rel. Schlaeger v. Buena Vista Building Corp.* (1947), 396 Ill. 164. Objectors rely on

the following language from that case:

"Conversely, amendments cannot be allowed where they add matter which is essential as a basis for the levy of the tax. (*People ex rel. Schnipper v. Missouri Pacific Railroad Co.* 332 Ill. 53; *People ex rel. Brockamp v. Chicago and Illinois Midland Railway Co.* 260 Ill. 624.) Again, the ameliorative provisions of section 236 cannot be invoked to render proceedings valid which are void *ab inito*. (*Chicago and Northwestern Railway Co. v. People ex rel. McGough*, 193 Ill. 594; *People ex rel. Woody v. Smith*, 149 Ill. 549.) In short, its application is limited to those cases where there has been an attempt to comply with the law but the attempt is ineffective by reason of some informality or clerical error. (*People ex rel. Franklin v. Wabash Railroad Co.*, 387 Ill. 450.) In *Chicago and Northwestern Railway Co. v. People*, 193 Ill. 594, this court pointedly said: 'That section, [now section 236] however, is not to be construed as curing every defect in attempts to tax because the party taxed will pay no more for the support of the government in proportion to his property than other people who voluntarily pay the same tax. The substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose. Provisions of the statute designed for the protection of the taxpayer are mandatory, and a disregard of them will render the tax illegal.' " 396 Ill. at 171-72.

Objectors contend the county board's failure to state each purpose separately falls under the type of essential matter not allowed to be cured by amendment. We believe this interpretation is strained and ignores the specific provision in section 236 that allows amendments to itemize or define a levy's purpose. The applicable language states: "[W]here such an error or informality [not affecting the substantial justice] in a levy, its certification, filing or publication can be corrected by amendment, *or a levy can be sufficiently itemized, the purpose defined and made certain by amendment,*" it shall be given the same force and effect as the original. (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 120, par. 717.) The statute expressly provides that an error of insufficient itemization or failure to define the purpose is an error that may be corrected by amendment.

 We are not persuaded that that this provision applies only where the error results from a clerical mistake. The statute singles out the error of insufficient itemization specifically, as opposed to other errors not affecting the substantial justice. The language directly preceding the itemization provision, stated above, clearly would

allow amendments of any clerical mistakes, even those pertaining to itemization and statement of purposes. Thus, it follows that the legislature included the itemization provision specifically to allow amendments for improper itemization even though the failure was not a mere clerical mistake. To interpret this language otherwise, as objectors urge, would render the itemization and purpose provision superfluous. Statutes should be construed so that no word or phrase is rendered superfluous or meaningless. *People v. Parvin* (1988), 125 Ill. 2d 519, 525; *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.

Allowing the county to itemize more specifically the purposes of its levies does not affect the substantial justice of the tax, as was the case in *Schlaeger*. In *Schlaeger*, the court found the original levy was illegal where it included improper liabilities in its amount of appropriations, and the manifest purpose of the amendment was to change the amounts appropriated. (*Schlaeger*, 396 Ill. at 172.) The court stated that "[t]he substantial justice of a tax is affected if it is one which the authorities attempting to impose it have no power or right to impose." *Schlaeger*, 396 Ill. at 172.

In this case, allowing the amendments does not give the county board an opportunity to impose a tax which it had no power to impose. Objectors make no argument that the county lacked the power or right to impose the tax levies but only that it failed properly to itemize the purposes of the tax in accordance with section 156. The object of section 156 is to provide taxpayers information and an opportunity to object to unjust and illegal levies. (*Novak*, 142 Ill. App. 3d at 1006; *People ex rel. McWard v. Wabash R.R. Co.* (1946), 395 Ill. 243, 247.) The county's error in the original levies defeated the purpose of the statute: the taxpayers were denied the proper information to review the levies. Allowing the board to amend the levies does not defeat the statute's purpose. The amendments cure the defect of the original levy, thus providing taxpayers the opportunity to know the tax purposes and object to those purposes.

Finally, in its reply brief, objectors cite two cases that disallowed amendments to cure insufficient itemization: *People ex rel. Klauser v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* (1913), 261 Ill. 70; and *Cincinnati, Indianapolis & Western Ry. Co. v. People ex rel. Myers* (1903), 206 Ill. 565. Neither case applies here. Both cases were decided under section 191, the predecessor to section 235 (Ill. Rev. Stat. 1979, ch. 120, par. 716), before section 236 was enacted. Section 191, like section 235 today, does not contain the language permitting amendments for itemization and statement of purposes. It was not until 1937 when the legislature added section 191(a) (Ill. Rev. Stat.

1937, ch. 120, par. 179(a)), now section 236, that a statute specifically provided for levies to be amended to itemize or define their purposes sufficiently.

The circuit court's decision overruling appellant's objections is affirmed.

Affirmed.

GEIGER and WOODWARD, JJ., concur.